BENJAMIN PERRY *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk.     November 15, 1926. — January 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Street railway, Motor vehicle.

At the trial of an action of tort against a street railway company for damages to a motor truck which was run into by a street car of the defendant approaching from the rear, there was evidence that the collision occurred on a "drizzling" day in December when the defendant's rails were "wet and dirty, muddy and slushy"; that the truck had been parked on the right hand side of the street as the street car was facing; that the plaintiff, who was driving it, knew of the car tracks and knew that cars ran on them, "he did not see any car . . . . He . . . listened for a signal but did not hear one, and . . . he had put out his hand and blown his horn"; that he at once turned the truck to the left to pass an automobile parked ahead of him and in so doing the front wheels of the truck passed over the car tracks and the back wheels were about to go over when the street car struck the truck

near the left back wheel; that the left hand rail of the street car track was ten or twelve feet from the right hand curb of the street; that when about forty-five feet from the point of collision the street car was proceeding at the rate of fifteen miles per hour; that the motorman saw the truck leave the curb to go on to the track and attempted to stop the car, but was unable to do so. *Held*, that the questions, whether the motorman was negligent and whether negligence of the plaintiff contributed to the injury, were for the jury.

TORT for damage to a motor truck. Writ dated May 26, 1922. In the Superior Court, the action was tried before *Whiting*, J. Material facts are stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*A. F. Bickford*, for the defendant.

*M. R. Flynn*, for the plaintiff.

PIERCE, J. This is an action of tort brought by the plaintiff to recover damages sustained by his automobile as the result of a collision with an electric car of the defendant. At the close of the trial to a jury, the defendant filed a motion for a directed verdict. The motion was denied, the jury found for the plaintiff, and the case is before this court on the exceptions of the defendant duly taken and the refusal so to direct.

The accident happened on Broadway, in the city of Chelsea, at 11:45 A.M., near the corner where Eleanor Street intersects Broadway at right angles. Broadway at that point runs northeast toward Lynn and southwest toward Chelsea with a grade slightly sloping toward the southwest. There are two sets of car tracks located on Broadway: the tracks for Chelsea bound cars being on the northerly side and the outbound tracks on the southerly side. Near the place of the collision the distance from the southerly rail of the inbound tracks to the curbing on the northerly side of Broadway was ten or twelve feet. December 10, 1920, was a "drizzling" day and the condition of the street and rails was "wet and dirty, muddy and slushy." The events which preceded the collision, in substance, are as follows: The plaintiff, after loading bags and paper on his truck standing at

the curb on the northerly side of the street, got into his automobile and started toward Chelsea Square and had driven about twelve feet when the accident happened. The automobile was a Ford half ton delivery truck. The body was in "panel form," with a window at the driver's seat and two doors in the rear, with an oval window in each door. Before starting his car, the plaintiff knew of the car tracks and knew that cars ran on them, "he did not see any car . . . . He . . . listened for a signal but did not hear one, and . . . he had put out his hand and blown his horn." As he came out from the curb he turned his car to the left to pass an automobile parked ahead of him. In doing so the front wheels of his car passed over the car tracks and the back wheels were "about to go over" when the automobile was struck by the electric car of the defendant near the left back wheel, pushed around and injured in the manner and to the extent shown by the evidence. The evidence regarding the movement and control of the electric car from a point distant about forty-five feet from the place of collision discloses that it was proceeding at the rate of fifteen miles an hour on a wet, muddy, slushy, slightly sloping track; that the motorman saw the automobile leave the curb to go onto the car track which was distant ten feet; that he then applied the air and reversed his car; that the speed was not much checked thereby because the distance was short and the rails wet; that the automobile was struck by the electric car near the left back wheel and pushed around two or three feet, injuring the automobile in the manner complained of.

Upon the above statement of facts, in the opinion of a majority of the court, there was an issue of fact for the jury upon the question whether it was negligence to drive the electric car at a rate of speed which, judging by the event, made it impossible to stop within a distance of forty-five or fifty feet after the motorman saw a collision would be liable to result if the electric car was not stopped within that distance. *Maderios* v. *Boston Elevated Railway*, 254 Mass. 302. The evidence did not warrant a ruling that the plaintiff as matter of law was not in the exercise of due care.

*Exceptions overruled.*