## W. H. LEWIS v. THE STATE.

### *No. 860. Decided November 28.*

1. **Defendant as a Witness—Cross-Examination.**—It is proper and legitimate to ask a defendant who has testified in his own behalf, on cross-examination, if he had not been drinking at the time he committed the offense charged against him. Such evidence throws light upon his mental condition, and tends also to affect the weight of his testimony.

2. **Disturbance of Religious Worship—Opinion Evidence.**—On a trial for disturbance of religious worship, where a witness testified, that defendant's conduct "caused general confusion, excitement, and disturbance among the people there assembled," *Held*, not to be opinion evidence, but the statement of a fact.

**3. Same—Charge.**—In a misdemeanor case, where there are no exceptions to the charge, it will, notwithstanding it contains irrelevant matter, be held sufficient if, in its application of the law to the facts, it is confined to the particular phases of the statute upon which the indictment is based.

APPEAL from the County Court of Tyler. Tried below before Hon. B. E. MOORE, County Judge.

This appeal is from a conviction for disturbance of religious worship, the punishment assessed being a fine of $25.

No statement necessary.

No briefs on file with the record.

DAVIDSON, JUDGE.—The prosecution elicited from appellant, on cross-examination, the fact that he was drinking at the time he disturbed the congregation assembled for religious worship. We are unable to appreciate the force of the objections urged to the admission of this testimony. It threw light upon his mental condition, tended to effect the weight of his testimony, and was the proper subject matter of legitimate inquiry.

Payne testified, that appellant's conduct "caused general confusion, excitement, and disturbance among the people there assembled." This was not the opinion of the witness, as contended by appellant. That the conduct caused the disturbance was a fact, if it occurred, and could be proved. As shown in the bill of exceptions, the question may have been leading in its character; but this objection was not urged.

There were no exceptions reserved to the charge. While it mentioned the various provisions of the article under which the indictment is framed in the general definitions, yet when the application of the law was made to the facts, the charge was confined to the particular phases of the statute set forth in the indictment.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.