## WILLIE WALLACE v. THE STATE.

### No. 1632.    Decided March 27, 1912.

**1.—Murder—Charge of Court—Other Parties.**

Where, upon trial of murder, the evidence showed that other parties might have done the killing, it was reversible error not to submit a charge on this phase of the case. Following Dubose v. State, 10 Texas Crim. App., 230, and other cases.

**2.—Same—Evidence—Declarations of Third Parties.**

Upon trial of murder, it was reversible error to admit the declarations of third parties made about half an hour prior to the homicide, in the absence of the defendant and having no connection with the said homicide. Dowell v. State, 58 Texas Crim. Rep., 482, and other cases.

**3.—Same—Evidence—Contradicting Witness.**

Where a State's witness testified that he was not drunk at the time of the killing and on the morning thereafter, it was reversible error not to permit defendant to show that said witness was drunk at said time.

**4.—Same—Evidence—Remarks by Judge—Credibility of Witness.**

Where the State's witness denied being drunk the morning after the killing, it was reversible error not to permit defendant to show that the witness was drunk, especially where the court in excluding this testimony, remarked that he did not think the testimony was material, etc. Following Green v. State, 53 Texas Crim. Rep., 496, and other cases.

**5.—Same—Rule Stated.**

Where a witness is produced who undertakes to give a statement of facts coming under his observation, etc., his credibility may be tested in respect to his condition as to drunkenness or sobriety.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Spivey, Bartlett & Carter,* for appellant.—Cited cases in opinion. On question of remarks of judge: Walling v. State, 59 Texas Crim. Rep., 279, 128 S. W. Rep., 624; Melton v. State, 58 Texas Crim. Rep., 86, 124 S. W. Rep., 910; Simmons v. State, 53 Texas Crim. Rep., 441, 117 S. W. Rep., 141.

On question of the court's charge as to other parties who may have done the killing: Wheeler v. State, 56 Texas Crim. Rep., 547, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree, the punishment assessed being five years in the penitentiary.

The difficulty occurred at a negro festival. The brother of appellant, Bose Wallace, had had a difficulty with deceased during the

same night the homicide occurred and some time before the last difficulty, in which they came to blows. They separated, both remaining at the festival. The subsequent fight, that is, the one in which the killing occurred, resulted between Bose Wallace and the deceased, Robert Scruggs. The witnesses differ very widely and very materially as to who was the aggressor in the difficulty. The appellant was not present at the beginning of the difficulty. There are two theories about his connection with the matter. The State's theory being that after the difficulty began between Bose Wallace and the deceased, there was something said in the crowd about a difficulty, and appellant heard it, came up and found Bose Wallace on the ground with deceased on top of him, and the brother of the deceased, George Henry Scruggs, asking his brother, deceased, not to kill or hurt Bose. That appellant ran up and stabbed the deceased in the neck and ran away. The theory of the defense is that appellant did not enter into the difficulty at all, did not use his knife on the deceased and did not reach him during the difficulty. There is evidence to the effect also that Essie Taylor, a sister of Bose Wallace and appellant, stuck the knife in the deceased. There is evidence also from the State that Bose Wallace stabbed the deceased with a knife. There is evidence also that George Henry Scruggs ran up and remarked to his brother not to kill or hurt Bose and then himself immediately caught his brother Robert by the head, jerked it back and stabbed him. It is unnecessary to go into a detailed statement of these matters. The evidence clearly shows the above facts by the different witnesses. There seems to be as much variance in the testimony, almost as the number of witnesses. Some of the State's evidence shows clearly that appellant was not the party who used the knife on the deceased; one of the witnesses testifying that appellant started in the direction of where the trouble was and there was quite a crowd surrounding the combatants, and that Isaac Scruggs undertook to stop appellant as he approached the fight, whereupon appellant cut him in the arm. Isaac then threw him around away from the crowd and that appellant then left.

1. In this connection the court charged the jury that if George Henry Scruggs killed the deceased they would acquit the appellant. Exception was reserved to the charge because it failed to instruct the jury that if Essie Taylor, or Bose Wallace, either killed the deceased they would acquit the appellant. Exception was also reserved to the charge, because it did not inform the jury that they could not convict appellant, unless they should find beyond a reasonable doubt, that he did in fact stab the deceased. We are of opinion these exceptions were well taken. We have stated enough of the evidence above to show that all these issues were squarely and pointedly in the case. The authorities, from Dubose v. State, 10 Texas Crim. App., 230, to the present time, without exception, hold that where a conviction is sought, of the accused and the evidence shows

that another party may have done the killing, was placed in position to do the killing, or that there was evidence of the fact that he did the killing, that the accused is entitled to a charge to the jury to the effect that if other parties did the killing, he would be entitled to a verdict of not guilty. Blocker v. State, 55 Texas Crim. Rep., 30; Hart v. State, 15 Texas Crim. App., 202; Wheeler v. State, 56 Texas Crim. Rep., 547; Kirby v. State, 49 Texas Crim. Rep., 517; Harrison v. State, 47 Texas Crim. Rep., 393; McInturf v. State, 20 Texas Crim. App., 335; Ogden v. State, 58 S. W., 1018. These exceptions to the charge were well taken and require a reversal of the judgment.

2. There was a conversation had between George Henry Scruggs and Bose Wallace some half hour or such a matter prior to the homicide, in the absence of the appellant, which was in no way shown to have been brought to the attention of the appellant, introduced against him. Exception was reserved to this. This matter in no way connected appellant with any of the trouble and occurred between Bose Wallace and George Henry Scruggs. The bill shows that this conversation occurred between George Henry Scruggs and Bose Wallace, Bose being a brother of appellant, and were acts, conduct and words of Bose Wallace in the absence of appellant a half hour before the difficulty took place, in which the appellant is charged with having killed the deceased. It is thus stated in the bill of exceptions: "I will tell you the first starting of it. Bose Wallace, Will's brother, came in there where I was selling some fish and said he wanted to buy some fish. I told him all right, and he looked in and stuck his finger in and picked it up. Bose comes in the house. I was selling fish, and he walks up and asks me, 'I want to buy some fish.' I told him, 'All right.' He sticks his hand in the dish, and I says, 'Bose, don't do that; you are sticking your finger in there, and the other folks won't buy this fish.' He says, 'You ain't got a damned thing but fish.' I told him that if he was going to do that way he had better get on out. He says, 'You must understand that this is one of old Dock Wallace's sons.' I says, 'That is all right; I know whose son you is.' By that time his sister comes up there and goes and takes Bose on away. I reckon in about half an hour Robert and Bose, I heard, were fighting." The objections urged to the introduction of this testimony were well taken. The act and conduct of Bose Wallace in the absence of appellant and with a third party could not be binding on appellant and could not be used against him to his disadvantage before the jury. The bill shows all these matters occurred in the absence of the deceased and were in no way connected with Robert Scruggs, the deceased. It was a matter occurring between George Henry Scruggs and Bose Wallace. It was inadmissible. See Dowell v. State, 58 Texas Crim. Rep., 482; Gonzales v. State, 16 Texas Crim. App., 152; Fuller v. State, 19 Texas Crim. App., 380.

3.   Another bill was reserved which sets out that George Henry Scruggs had testified that he was not drunk at the time the `killing occurred, and had stated that he drank some whisky that night before the killing occurred and did not drink any after the killing occurred.  The appellant then offered to prove by justice of the peace, Taylor, that about 7 o'clock Sunday morning after the killing occurred the previous night about 12 o'clock witness went to the scene of the homicide to hold an inquest, he being justice of the peace, and that the witness George Henry Scruggs was drunk at that time. The court excluded this and qualified the bill by stating that George Henry Scruggs had testified that he was not drunk at the time of the homicide, which occurred about midnight, and had further testified that he was not drunk about 8 o'clock the following morning. The defendant offered to prove by Taylor that George Henry Scruggs was drunk the next morning about 8 o'clock, which was not allowed on the objection by the State that same was an attempted impeachment of George Henry Scruggs on an immaterial issue.  This bill will be considered with the next.

4.   Another bill in this connection, recites that the court remarked, in excluding the testimony, that he did not see the materiality of the testimony, to which remark the appellant excepted, because it was on the weight of the evidence and prejudicial to his rights.   Whereupon, the court further remarked:   "I don't think it is material, except as a curious inquiry."  The condition of the mind of a witness is always a matter of inquiry as affecting credibility, when he is under the influence of intoxicants.   The witness had stated that he was not drunk, but had been drinking some the night before and had denied being drunk on the following morning when the justice of the peace reached the scene of the trouble for the purpose of holding an inquiry.   The justice of the peace would have testified, had he been permitted to do so, that the witness was drunk. We are of opinion that this testimony was admissible under the authorities.   Green v. State, 53 Texas Crim. Rep., at p. 490; Lewis v. State, 33 Texas Crim. Rep., 618.   Judge Ramsey, discussing this matter, in Green v. State, supra, said:   "We think the rule in any case should be, where a witness is produced and undertakes to give a statement of facts coming under his observation, transactions to which he is a party and on which the guilt of a citizen is sought to be established, that with a view of testing the credibilty of the witness, his opportunity for observation, the state of his memory, the condition of his mind and all that, that it should and would be proper to interrogate the witness as fully as . might be necessary in respect to his condition of drunkenness or sobriety."   Citing Lewis v. State, 33 Texas Crim. Rep., 618; State v. Grear, 41 Am. Rep., 296.

The judgement is reversed and the cause remanded.

*Reversed and remanded.*