## CHARLEY BELAND v. THE STATE.

No. 4573. Decided November 26, 1919.

Rehearing denied January 14, 1920.

**1.—Theft—Habitual User of Narcotics—Witness—Dope Fiend.**

Where, upon trial of theft, defendant offered proof to show that the prosecuting witness, upon whose testimony the State relied for a conviction, was an habitual user of cocaine, morphine, and opium, which testimony the court excluded, the same was reversible error. Following: Green v. State, 53 Texas Crim. Rep., 490, and other cases.

**2.—Same—Newly Discovered Evidence.**

Where the principal witness for the defendant was attacked by the State in such manner as to probably justify the jury in doubting her truthfulness and found defendant guilty, his motion for new trial on account of newly discovered evidence which strongly corroborated said witness should have been granted.

**3.—Same—Charge of Court—Penalty.**

An error in the court's charge, relative to the penalty, need not be considered, in view of another trial.

**4.—Same—Rehearing—Influence of Drugs.**

Where the State's contention, in its motion for rehearing, was that unless it be shown that the said witness was under the influence of the drug at the time he testified, the evidence to show that he was a user of such drugs would not be admissible, is untenable. Following: Anderson v. State, 65 Texas Crim. Rep., 365 144 S. W. Rep., 282.

**5.—Same—Newly Discovered Evidence—Cumulative Evidence.**

Where the State, in its motion for rehearing, contended that the alleged newly discovered evidence was cumulative and that his motion for new trial was properly overruled, but the record showed that the newly discovered testimony would go beyond mere cumulative evidence, the motion for new trial should have been granted.

Appeal from the Criminal Court of Tarrant. Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Poulter & Koenig*, for appellant.—On question of newly discovered evidence: Young v. State, 78 Texas Crim. Rep., 314, 180 S. W. Rep., 686; Taylor v. State, 72 Texas Crim. Rep., 274, 184 S. W. Rep., 224; Bryson v. State, 79 Texas Crim. Rep., 542, 186 S. W. Rep., 842.

*Alvin M. Owsley*, Assistant Attorney General, *Jesse M. Brown*, Criminal District Attorney, for the State.—On question of the influence of narcotics; Henderson v. State, 1 Texas Crim. App., 432; Johnson v. State, 2 id., 456; Terry v. State, 3 id., 236; Garner v. State, 34 Texas Crim. Rep., 356; Price v. State, 36 id., 403; Evans v. State, 55 id., 649; Roberts v. State, 57 id., 199; Edwards v. State, 75 Texas Crim. Rep., 647, 172 S. W. Rep., 227.

LATTIMORE, Judge.—In this case appellant was convicted in the Criminal District Court of Tarrant County, of a felony theft, and his punishment fixed at three years confinement in the State penitentiary.

There are but two errors in the record which we will discuss:

On the trial, appellant offered to prove by the prosecuting witness himself, and by several other witnesses, that said prosecuting witness, upon whose testimony the State relied almost entirely for a conviction, was an habitual user of dope, to wit: cocaine, morphine, and opium. This testimony was excluded by the court on the State's objection. In this we think the court was, in error. It has been held in this State in a number of cases, that it may be shown that a witness was drunk at the time of the occurrence about which he seeks to testify: Green v. State, 53 Texas Crim. Rep., 490; Lewis v. State, 33 Tex. Crim. Rep., 618; Wallace v. State, 65 Texas Crim. Rep., 654, 145 S. W. Rep., 925.

We are of opinion that if it can be successfully established that a material witness is an habitual user of cocaine, morphine, or opium, that fact should be admitted as a circumstance to be considered by the jury in determining his memory and mental condition.

The other error is that relating to the refusal of the court to grant a new trial upon newly discovered evidence.

The principal witness for the appellant was attacked by the State, in such manner as to probably justify the jury in having doubts as to the truthfulness of her testimony standing alone. The affidavits of two other witnesses, as to material facts strongly corroborating said principal witness for the defense, were attached to the appellant's motion for a new trial, which motion sufficiently showed that the testimony of said parties was unknown to the appellant or to his attorneys, and could not have been discovered by the use of reasonable diligence. There was no attack by the State upon the motion for a new trial, and no effort to controvert any of the facts set up in said affidavits. We think the showing sufficient to have required the granting of a new trial.

We observe an error in the court's charge, relative to the penalty, but in view of the verdict of the jury, do not regard this as material.

For the errors mentioned, the judgment of the trial court will be reversed and the cause remanded

*Reversed and remanded.*

ON REHEARING.

January 14, 1920.

LATTIMORE, JUDGE.—The State brings this case before us upon its motion for a rehearing. It is claimed that we were wrong in holding that the trial court erred in refusing to permit appellant to show that the prosecuting witness for the State was an habitual user of morphine, cocaine, etc. The State's contention is that unless it be shown that the witness was under the influence of the drug at the time he testified, the evidence to show that he was a user of such drugs, would not be admissible.

We adhere to our former opinion in this matter, and cite the case of Anderson v. State, 65 Texas Crim. Rep., 365, 144 S. W. Rep., 282, in which this Court held such evidence admissible as affecting the credibility of a witness and the weight of the testimony.

The State also contends that the alleged newly discovered evidence for appellant, was cumulative, and for that reason the motion for a new trial on this ground was properly overruled in the court below; and we are referred to the list of authorities cited in section 203, of Mr. Branch's Annotated Penal Code.

One Mildred Criner was the only fact witness for the appellant, and if her testimony was true, the alleged theft was committed by the State's main witness, and appellant was not guilty. The cross-examination of this witness by the State, tended strongly to attack her character and reputation, as well as to show her favorable inclination toward the appellant.

In his motion for a new trial, appellant set up as newly dis-
covered evidence, certain matters, and attached the affidavits of two
witnesses, setting forth facts which strongly tended to sustain the
testimony of Mildred Criner in its most material points; and the
facts contained in said affidavits materially support the appellant's
defense, and show the attitude of the said State's witness.  Such·
testimony, coming from disinterested witnesses, against whose char-
acter and interest in the case, no charge is made, would go beyond
mere cumulative evidence, and the appellant was entitled to the
benefit of the same.

Believing our original opinion was correct, the motion for a rehear-
ing is overruled.

:        *Overruled.*