ABE YOUNG v. THE STATE.

No. 5656.    Decided February 4, 1920.

1.—Threatening Life—Transcript—Practice on Appeal.

The accused is not responsible for the record in criminal cases; the clerk is required to make out and forward the transcript to the clerk of this court, and the motion of the State to dismiss is overruled.

2.—Same—Evidence—Argument of Counsel—Insufficiency of the Evidence.

Upon trial of threatening to take the life of another, it was error to admit testimony as to language imputed to the defendant criticizing the government of the United States in the recent war with Germany, and to which the court sustained an objection, but afterwards permitted the State's counsel to allude to the fact of such language; besides, the evidence was not sufficient to sustain the conviction.

Appeal from the County Court of Harrison. Tried below before the Hon. W. H. Strength, judge.

Appeal from a conviction of threatening the life of another; penalty, a fine of $200.

The opinion states the case.

*Hall, Brown & Hall,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of threatening to take the life of White, his punishment being assessed at a fine of $200.

Motion was made by the Assistant Attorney General to dismiss the appeal on two or three grounds. An inspection of the record, would sustain that motion and cause a dismissal, but the defects in the record have been supplied. It was no fault of appellant that the missing papers were not in the record. The accused is not

responsible for the record in criminal cases. The clerk is required to make out and forward the transcript to the clerk of this court. The rule is different in civil cases. The motion of the Assistant Attorney General, therefore, under the supplied record will be overruled.

There are two bills of exception in the record which should be considered together. The prosecution undertook to prove that about a year prior to the occurrence which forms the basis of this conviction the postmaster and the sheriff interviewed, or went to interview, the defendant with reference to some language imputed to him critical of the United States in the war with Germany. This was excluded by the court. In the argument the State counsel alluded to the fact and stated to the jury that the postmaster and the sheriff did go to and talk with appellant with reference to his antagonism to or for some remarks he had made criticising the government of the United States in that war. There was no proof of this. Although excluded by the court, the attorney stated as a fact that the language had been used and he had been reprimanded by those officers. He would not have been permitted to testify to this under the ruling of the court. What effect this may have had upon the minds of the jury we do not know, but we know in a general way from the history of the times that remarks that were considered antagonistic to our government in the war, or as seditious as determined by the Act of the Fourth Called Session of the Thirty-fifth Legislature, had the effect of stirring up our people and we know the public mind was very much excited about that time and very antagonistic to those who were not in full accord with everything that our government did or was doing in the war. This may have been the turning point in the case, and it is a fact that it was not legitimate as the court ruled it out, and it is a further fact that the county attorney was not entitled to make that statement or even swear to those facts before the jury. We are of opinion this is of sufficient importance to require a reversal of the judgment. A party should be convicted on the facts as introduced and not on those not before the jury and expressly excluded by the court. For this reason we think this judgment ought to be reversed, and it is accordingly ordered to be remanded for another trial. We are of opinion that this conviction should not be affirmed on the evidence.

*Reversed and remanded.*