Carrie Hicks v. The State.

No. 8981.    Delivered June 10, 1925.

1.—Murder—Argument of Counsel—Discussing Excluded Testimony—Error.

Where on a trial for murder. the State's attorney discusses testimony which though admitted, the court had withdrawn from the consideration of the jury, and such discussion was calculated to prejudice appellant's case, a reversal is demanded. Following King v. State, 263 S. W. 261 and other cases cited.

2.—Same—New Trial—Improperly Refused.

Where in a motion for a new trial, appellant sets out the newly discovered evidence of several witnesses, of a material character to her defense,

and attaches to such motion affidavits of such newly discovered witnesses, a new trial should have been granted. Following Beland v. State, 217 S. W. 147 and Barrett v. State, 267 S. W. 571.

3.—Same—Statements of Accused—After Arrest—Properly Admitted.

Where statements made by the accused when placed under arrest shortly after the homicide, led to the discovery of the weapon with which the homicide was committed, such statements clearly come within the exceptions contained in the confession statute, and were properly admitted. See Art. 810, Vernon's C. C. P.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of murder; penalty, seven years in the penitentiary.

The opinion states the case.

*Ben L. Cox,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Taylor County for the offense of murder and her punishment assessed at confinement in the penitentiary for a term of seven years.

The killing occurred at the home of the appellant and the unpleasantness arose over a controversy concerning a gas bill. Appellant testified that the killing was accidental, it being her contention that in a struggle over the pistol it was accidentally discharged and killed the deceased; while it was the theory of the state that the killing was intentional and done under circumstances which would constitute murder. Appellant put her general reputation as a law abiding citizen in evidence and showed by many witnesses that that reputation was good. While the wife of the deceased was testifying as a witness in the case, in response to questions from the district attorney, she testified that on Friday before the killing occurred on Tuesday, the defendant had called her many viles, profane and indecent names. This testimony was introduced over the objection of the appellant and after it was introduced, the court excluded it. The witness through whom this testimony was introduced was Mrs. Barker, the wife of the deceased. In making the closing argument to the jury the district attorney referred to this testimony of Mrs. Barker and used it in a very effective manner to refute the appellant's theory that she was a woman of good reputation, and also for the purpose of rebutting the testimony of the character witnesses that

she had placed on the stand, and stated among other things: "if she is the good woman that her witnesses would have the jury believe she is, that she would not have used this abusive language and these epithets that she did use concerning Mrs. Barker." This argument was used notwithstanding the fact that the court had withdrawn said evidence from the consideration of the jury. Appellant objected to it and asked the court to exclude it and his objections were overruled and the argument was not withdrawn from the jury. We think this argument should not have been made under the circumstances stated. King v. State, 263 S. W. 261; Young v. State. 218 S. W. 505; Sorell v. State, 167 S. W. 356; Grimes v. State, 141 S. W. 261; Parks v. State, 33 S. W. 872; Stanchel v. State, 231 S. W. 120; Phifer v. State, not yet reported.

Another error complained of is that relating to the refusal of the court to grant a new trial upon newly discovered evidence. The appellant alone testified as to her defense, she attached to her motion for a new trial the affidavits of other witnesses, which motion sufficiently showed that the testimony of said parties was unknown to her or to her attorneys and could not have been discovered by use of reasonable diligence. The court heard testimony on the motion for a new trial and it has been preserved and is a part of the record in the case, and from inspection of it, we are convinced, especially with reference to the testimony of Clifford Tate, that the facts bring it clearly within the rule of newly discovered evidence. We are not certain that the affidavits of the other witnesses do not also bring them within this category. Under the authorities, we think the showing sufficient to have required the granting of a new trial. Beland v. State, 217 S. W. 147; Barret v. State, 267 S. W. 571.

Appellant seriously contends that the court erred in permitting the witness Westbrook to testify about statements made by appellant to him at the time she was arrested, and invokes the confession statute as an authority for her contention. The witness Westbrook in substance testified that shortly after the killing he arrested the appellant and she said to him "I am the guilty party" and in the conversation told him where the pistol was with which the killing was done, and following her directions he located the pistol. We think this testimony clearly comes within the exception contained in the confession statute, said section being to the effect that the statement is admissible if in connection with said confession the party makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of the instrument with which the party states the offense was committed. Article 810, Vernon's C. C. P.

Other alleged errors noted in the record will probably not occur on another trial and the discussion of them is not deemed necessary.

For the errors above pointed out, the judgment is reversed and the cause remanded.

                                        *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.