## WILL EDMONDSON V. THE STATE.

### No. 11410.    Delivered May 2, 1928.

**1.—Murder—Transcript on Appeal—Duty of District Clerk—To File.**

Under Arts. 843 and 845, C. C. P., it is made the duty of the clerk to prepare and forward the transcript to this court. "The accused is not responsible for records in criminal cases; the clerk is required to make out and forward the transcript to the clerk of this court. See Young v. State, 86 Tex. Crim. Rep. 594.

**2.—Same — Statement of Facts — When Filed Too Late — Negligence of Clerk—Will Be Considered.**

While the statement of facts in this case was filed long after the time allowed by law, the failure to file was due to the demand of the district clerk for his fees for making out the transcript. Such a fee could not be demanded, or legally received by the clerk in a felony case, and the appellant under these circumstances was not chargeable with the delay in filing the statement of facts, and same will be considered.

**3.—Same—Evidence—Hearsay—Improperly Admitted.**

Where, on a trial for murder, it was error to permit a witness for the state to testify that the daughter of appellant told her about deceased having been killed, the morning after the homicide, and before it had become generally known. The statement was not made in appellant's presence, and was clearly hearsay.

**4.—Same—Evidence—Attempt to Show Motive—Erroneously Admitted.**

Where it was the theory of the state that there had been some bad feeling between appellant and deceased over the opening of a public road, as the motive of the homicide, it was error to permit the county clerk to testify that deceased opposed this road, it not being shown that the appellant knew of this opposition.

**5.—Same—Continued.**

It has been frequently held that "proof of facts not directly or circumstantially shown to have been known to the defendant at the time of the

homicide is not admissible against him to show motive on his part." See Branch's P. C., p. 1081, for collation of authorities.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

This is the second appeal in this case. The first appeal is reported in 106 Tex. Crim. Rep. 321, where the facts will be found sufficiently reported.

*J. H. Baker* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE. — The offense is murder, penalty fifteen years.

Attorneys for the state have filed a motion to dismiss this appeal, based upon two grounds:

(1) Because the transcript in this case was not filed within ninety days after the adjournment of the court at which conviction was had.

(2) Because the transcript was forwarded by the attorney of appellant and not by the district clerk.

Under the terms of Arts. 843 and 845, C. C. P., it is made the duty of the clerk to prepare and forward the transcript to this court. It was said in Young v. State, 86 Tex. Crim. Rep. 594: "The accused is not responsible for records in criminal cases; the clerk is required to make out and forward the transcript to the clerk of this court."

It is not a valid ground for the dismissal of an appeal because the transcript was filed after ninety days from the adjournment of the court, unless the failure to file same was due to the negligence of the defendant or his attorney or to some act of one or both of them. Gould v. State, 69 Tex. Crim. Rep. 250; Lord v. State, 73 Tex. Crim. Rep. 109. It affirmatively appears in the motion that the failure to file the transcript in time was due to the demand of the district clerk for his fees for making out the transcript. Such a fee could not be demanded or legally received by the clerk in a felony case.

The state's motion is not supported by any affidavit while the answer of appellant is so supported. There is no affirmative showing that the record was transmitted by the attorney for appellant to this court.

While the transcript appears to have been filed about five months after the date of the adjournment of court, it satisfactorily appears that it was the illegal demand of the clerk that caused such delay rather than the negligence of counsel for defendant. Under these circumstances the motion will be denied and the appeal considered on its merits.

A former appeal of this case will be found reported in 106 Tex. Crim. Rep. at p. 321. The facts are not substantially different on this appeal and will be found sufficiently reported on the former appeal.

It was the theory of the state that the shooting of deceased, Fred Bolinger, was not known until the morning of November 10, at about eight o'clock a. m. The testimony of Mrs. Sarah Fuston, mother of the accomplice, Fred Fuston, was introduced by the state, who testified, over proper objection, that the first time she heard of the shooting of deceased was from appellant's oldest girl, who told her about it at about eight o'clock the morning of November 10. The state's theory seemed to be that appellant having done the shooting would have knowledge of it prior to the public and therefore what his family had to say about it at a time of day when it could not have been generally known would be admissible against him as a circumstance to show guilty knowledge. This statement was made in appellant's absence by a third party and was clearly hearsay.

The state attempted to show as a motive for the killing that there was some feeling between appellant and deceased over the opening of a public road. As tending to establish this, the state, over objection, proved by the County Clerk of San Saba County, that Fred Bolinger opposed this road. It was nowhere shown in the record that appellant knew of Bolinger's opposition. It has been frequently held that "proof of facts not directly or circumstantially shown to be known to defendant at the time of the homicide is not admissible against him to show motive on his part." Phillips v. State, 22 Tex. Crim. Rep. 139; Branch's P. C., p. 1081, where a number of authorities are collated.

The error in both of the above matters is accentuated by the extreme meagerness of the evidence corroborative of the accomplice, Fred Fuston. Its sufficiency is a matter of grave doubt and this incompetent evidence may have and doubtless did injuriously affect appellant.

There was ample evidence to raise the issue that no offense had in fact ever been committed and that deceased in fact committed suicide. This is made plain by the facts recited in the opinion on the former appeal.

With overwhelming proof of guilt, we might hesitate to reverse upon errors of no more importance than those above recited, but in view of the fact that the corroborative evidence is meagerly sufficient, if at all, we cannot say that the admission of the above evidence was harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.