

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 25, 1947

Hon. Lloyd A. Wicks, Jr.,　　　　Opinion No. V-313
County Attorney,
Crosby County,　　　　　　　　　Re:　Authority of the
Crosbyton, Texas　　　　　　　　　　　County Clerk to
　　　　　　　　　　　　　　　　　　　require the de-
　　　　　　　　　　　　　　　　　　　fendant to pay
　　　　　　　　　　　　　　　　　　　for the transcript
　　　　　　　　　　　　　　　　　　　in a misdemeanor
　　　　　　　　　　　　　　　　　　　case in order to
　　　　　　　　　　　　　　　　　　　perfect his appeal.

Dear Sir:

　　　　　We refer to your letter of July 3, 1947, in
which you submit the following:

　　　　　"Is a County Clerk entitled to de-
mand from appellant in a criminal case
cost of the transcript prior to the final
disposition of the case?"

　　　　　The costs assessed against a defendant in a
criminal case constitute a part of the punishment, as
indicated by the following articles in Vernon's Code of
Criminal Procedure:

　　　　　Article 783. "When the defendant
is only fined the judgment shall be that
the State of Texas recover of the defend-
ant the amount of _such fine and all costs_
of the prosecution, and that the defend-
ant, if present, be committed to jail un-
til such fine and costs are paid; or if
the defendant be not present, that a cap-
ias forthwith issue, commanding the sher-
iff to arrest the defendant and commit
him to jail until such _fine and costs_ are
paid; also that execution may issue a-
gainst the property of such defendant for
the amount of such _fine and costs._" (Em-
phasis added throughout this opinion)

　　　　　Article 784. "If the punishment is
any other than a fine, the judgment shall

specify it, and order it enforced by the proper process.  It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Article 791.  "In each case of pecuniary fine, an execution may issue for the fine and costs, though a capias was issued for the defendant; . . ."

Article 793.  "When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine . . . he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of the fine and costs adjudged against him; . . ."

Article 794 provides that the defendant who cannot pay "the fine and costs adjudged against him shall be required to do manual labor" until said is paid.

Ex parte Carson, 159 S.W. (2d) 126, is a misdemeanor case which involved the question as to whether court costs constitute a part of the punishment in a criminal case.  On the point, the court said:

"Appellant's contention must be sustained and the Act held to be unconstitutional on still another ground.  In Ex parte Mann, 39 Tex. Cr. R. 491, 46 S.W. 828, 73 Am. St. Rep. 961, this Court, consistent with all other pronouncements on the subject, has adhered to the view that costs in criminal cases are assessed as a part of the punishment for the commission of the offense charged."

The statutes providing for appeals in criminal cases appear in Vernon's Code of Criminal Procedure, as follows:

Article 813.  "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

Article 827.  "An appeal is taken by giving notice thereof in open court. . . ."

Article 828.   "The effect of an ap-
peal is to suspend and arrest all further
proceedings in the case in the court in
which the conviction was had, until the
judgment of the appellate court is re-
ceived by the court from which the appeal
was taken. . ."

Article 830.   "When the defendant
appeals in any misdemeanor case to the
Court of Criminal Appeals, he shall, if he
be in custody, be committed to jail unless
he enter into recognizance as provided by
law.  If for any cause the defendant fails
to enter into recognizance during the term
at which he was tried, but gave notice and
took an appeal from such conviction, he
shall be permitted to give bail and obtain
his release from custody by giving, after
the expiration of such term of court, his
bail bond. . ."

The defendant is not charged, in any law,
with any obligation or duty in regard to the transcript
on an appeal in a criminal case.  The judgment against
him is suspended when he gives notice of appeal in open
court.  If he enters into recognizance, or gives an ap-
peal bond, as permitted by Article 830, he is a free man
if no transcript is sent by the trial court clerk to the
clerk of the Court of Criminal Appeals.  Why should he
pay for the transcript?  The rule is stated in Texas Jur-
isprudence, Vol. 4, page 456, Section 316, as follows:

". . . It is the duty of the clerk,
not the appellant, to make out and forward
the transcript to the appellate court, even
in misdemeanor cases; and for this reason,
the appeal will not be dismissed because of
delay in filing the transcript in the appel-
late court."

The pertinent statutes are:

Article 841.   "The Clerk of a Court
from which an appeal is taken shall pre-
pare as soon as practicable, a transcript
in duplicate, in every case in which an ap-
peal has been taken, which shall contain
all the proceedings had in the case and

conform to the rules governing transcripts in civil cases. . . and the original to be forwarded to the Clerk of the Court of Criminal Appeals as provided in Article 843 of the Code of Criminal Procedure of the State of Texas, 1925. Provided the Clerk shall not charge for the extra copy."

Article 843. "As soon as prepared, the clerk shall forward the transcript by safe conveyance, charges paid, inclosed in a securely sealed envelope, directed to the clerk of the Court of Criminal Appeals."

The only distinction made by law between transcripts in felony and misdemeanor cases is that the transcripts in felony cases shall have preference. (Article 842, V.C.C.P.)

The case of Edmondson v. State, 6 S.W. (2d) 119, is a case in which the defendant refused to pay for the transcript and a motion was made to the Court of Criminal Appeals to dismiss the case because no transcript was filed. The Court said:

"Attorneys for the state have filed a motion to dismiss this appeal based upon two grounds:
"(1) Because the transcript in this case was not filed within 90 days after the adjournment of the court at which conviction was had.
"(2) Because the transcript was forwarded by the attorney of appellant and not by the district clerk.
"Under the terms of articles 843 and 845, C.C.P., it is made the duty of the clerk to prepare and forward the transcript to this court. It was said in Young v. State, 86 Tex. Cr. R. 594, 218 S.W. 505:
"'The accused is not responsible for the record in criminal cases. The clerk is required to make out and forward the transcript to the clerk of the court.'
. . .

"It affirmatively appears in the motion that the failure to file the transcript in time was due to the demand of the district clerk for his fees for making out the transcript. Such a fee could not be demanded or legally received by the clerk in a felony case."

The motion to dismiss was overruled.

Article 842 reads:

"Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."

That would not be possible if the defendant has been required to suffer a part of the punishment by paying costs in the case.

Attorney General's Opinion No. O-166-A (1939) is pertinent to your inquiry, and we enclose a copy of it for your information. That opinion holds, among other things, that the County Clerk cannot compel the defendant to pay the cost of the transcript, in a criminal proceeding, before it is sent up on appeal.

We are of the opinion that the County Clerk may not require the defendant to pay for the transcript in a misdemeanor case in order to perfect his appeal to the Court of Criminal Appeals. If the case is affirmed, the cost of the transcript may be collected from the defendant as other costs are collected.

## SUMMARY

The County Clerk is not authorized to require a defendant in a misdemeanor case to pay for the transcript in order to perfect his appeal to the Court of Criminal Appeals. If the case is affirmed, the cost of the transcript may be collected from

the defendant as other costs are col-
lected.  Edmonson v. State, 6 S.W.
(2d) 119; Article 841, V.C.S.; Opinion
No. 0-166-A.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *W. T. Williams*

W. T. Williams
Assistant

WTW:mmc:wb

APPROVED:

*Price Daniel*

ATTORNEY GENERAL