GUITTARD, Chief Justice.
James Epley, Jr. was convicted of murder and sentenced to a term of seventy-five years. On this appeal he complains of the exclusion of testimony offered to impeach one of the State’s witnesses and also complains of the court’s failure to instruct the jury concerning certain defenses. We overrule all grounds of error and affirm the conviction.
Appellant was a cook in an all-night restaurant in Farmers Branch. He was working the night shift. About 4:30 a.m. on a Saturday morning, the victim, James Van-horn, came into the restaurant, sat at the counter, and ordered breakfast. Vanhorn, a former employee, asked one of the waitresses, Wilma Jensen, to let him go back to the office and use the telephone. He went with her into the hallway leading to the office, but they found the door locked. Appellant unlocked the door, but would not allow Vanhorn to use the telephone, explaining that it was against the company policy for persons other than employees to go into the office. Vanhorn returned and sat down at the counter. According to appellant, before he returned, Vanhorn said, “I’ll get you.” Jensen, however, testified that she did not hear this and that no threat was made.
Earlier in the evening, appellant had brought a small automatic handgun into the restaurant after a dispute with two customers. Marie Wicker, another waitress, had seen appellant take the gun out of a box and put it in his pocket. After Vanhorn had resumed his seat at the counter, appellant continued to have words with Vanhorn. Appellant testified that Vanhorn said several times, “I’m going to get you.” Two other customers seated at the counter testified that they did not hear this threat. The other waitress, Marie Wicker, also testified that she did not hear it.
Appellant demanded that Vanhorn leave the restaurant. Vanhorn refused and kept *504 his seat. Wicker remarked that appellant had a gun. Vanhorn asked appellant if he knew that it was illegal to carry a gun. Appellant responded with something like, “If I pull it out, I’ll use it.” Appellant then pulled the gun out of his pocket, made a sweeping upward motion, and shot Van-horn in the shoulder and chest. Vanhorn fell to the floor. The Farmers Branch police and an ambulance were called. Van-horn was taken to Parkland Hospital. Appellant was arrested and taken to the Farmers Branch police station. There he called his wife, and an officer heard him say, “The boy that was giving me a hard time that I told you about, I shot him, and I hope the boy dies.” Appellant denied saying, “I hope the boy dies.” Vanhorn died later that morning.
Impeachment — Drug Addiction
Appellant’s first two grounds of error assert that the court erred in refusing to allow him to present evidence that Wilma Jensen was a drug addict and that she was attempting to sell Vanhorn marijuana on the occasion in question. The evidence tendered was the testimony of Earline Kay Salem. Salem testified outside the jury’s presence that Jensen had admitted using drugs and that Jensen had told her that on the occasion in question she had taken Van-horn to the back of the restaurant to sell him some marijuana. Outside the presence of the jury, Jensen denied that she was trying to sell marijuana to Vanhorn.
Although Jensen did not see the shooting, appellant contends that testimony of her drug abuse is admissible to impeach her testimony that Vanhorn made no threat to appellant when they were in the hallway. He cites Beland v. State, 86 Tex.Cr.R. 285, 217 S.W. 147 (1920), a theft case, in which the conviction was reversed because of exclusion of evidence that the complaining witness, on whose testimony the State relied almost entirely for conviction, was an habitual user of cocaine, morphine, and opium. That fact, said the court, should have been admitted as a circumstance to be considered in determining the memory and mental condition of the witness.
In support of this holding in Beland, the court cited Anderson v. State, 65 Tex.Cr.R. 365, 144 S.W. 281, 282 (1912), in which the trial court had excluded evidence showing that one of the State’s main witnesses had been a confirmed user of morphine and cocaine for many years and also excluded medical evidence concerning the effect of such habitual use. In reversing for a new trial on other grounds, the court said that the evidence should be admitted if it could be shown that the witness was a “cocaine fiend” to such an extent that it would impair her mental and moral sensibilities.
From these authorities we conclude that testimony of drug abuse is not in itself admissible to impeach a witness. The evidence must show an impairment of mental or moral sensibilities as a result of either recent or habitual drug abuse. No such evidence was offered here. Accordingly, we hold that Salem’s testimony of Jensen’s previous drug abuse was properly excluded.
Impeachment — Contradiction
We hold also that exclusion of the testimony concerning Jensen’s alleged statement of her attempt to sell marijuana to Vanhorn was properly excluded. A pri- or statement of a witness inconsistent with her present testimony is not admissible unless it is independently relevant to the issues. It is not proper to impeach a witness on a collateral matter. McManus v. State, 591 S.W.2d 505, 524 (Tex.Crim.App.1979); Fisbeck v. State, 166 Tex.Cr.R. 105, 311 S.W.2d 865, 867 (1958).
We conclude that Jensen’s alleged prior inconsistent statement falls within the collateral impeachment rule. Whether Vanhorn went to the back of the restaurant to use the telephone or to buy marijuana from Jensen is not relevant to the issue of appellant’s guilt. Appellant, who took the stand in his own behalf, did not testify concerning any supposed drug transaction, and there is no testimony that he suspected *505 such an intent on behalf of either Jensen or Vanhorn. In this respect this case differs from Harrison v. State, 686 S.W.2d 220, 285 (Tex.App.—Houston [1st Dist.] 1984, pet. ref’d), a rape case, in which the appellate court applied the test of independent relevance to a prior contradictory statement of the complaining witness offered for impeachment. But the court held that testimony that the complainant had tried to obtain a controlled substance from a bartender on the day before the alleged offense was relevant in view of other evidence that the complainant was in a continuous state of drug intoxication over a two-day period during which she was seeking money to buy more drugs. Applying the same test here, we hold that evidence of an otherwise unsuspected drug transaction between Jensen and Vanhorn has no relevance to any issue in this murder case and, therefore, was not admissible to impeach Jensen’s testimony.

Instruction on Self-Defense

Appellant testified concerning Vanhorn’s repeated threats of “I’m going to get you,” and that immediately before the shooting Vanhorn slid off the stool, straightened out his leg, and reached into his pocket. Appellant also testified that he did not intend to shoot Vanhorn, or even to point the gun at him, but only intended to brandish the gun in order to scare Vanhorn and induce him to leave the restaurant and that the gun fired accidentally. In his third ground of error appellant asserts that the court erred in failing to instruct the jury in the murder application paragraph of the charge that the jury must find beyond a reasonable doubt that appellant was not acting in self-defense.
Following the paragraph concerning murder, the charge instructs the jury concerning the lesser included offenses of voluntary manslaughter, aggravated assault, involuntary manslaughter, and criminal negligent homicide, and also instructs the jury on the defense of accidental shooting. Following these instructions is a complete charge on self-defense, of which appellant makes no complaint. Appellant relies on Cobarrubio v. State, 675 S.W.2d 749, 752 (Tex.Crim.App.1983), which requires the application paragraph on murder to include an instruction that the evidence must negate a reasonable doubt as to whether the defendant was acting under the immediate influence of a sudden passion arising from an adequate cause. The charge here contains the instruction required by Cobarru-bio, but reserves until the later discussion of self-defense the instruction that the jury must acquit defendant if it finds or has a reasonable doubt as to whether defendant was acting in justified self-defense.
In our view, Cobarrubio is concerned with the peculiar problem of absence of sudden passion as an element of murder. It does not require the murder application paragraph to include also an instruction negating other defensive theories, such as self-defense. That defense would apply to at least some of the lesser included in the charge, and logically follows the instructions concerning those offenses as well as the instruction on murder. We conclude that the court adequately instructed the jury to acquit appellant if they had a reasonable doubt as to whether he acted in justified self-defense. See Fielder v. State, 683 S.W.2d 565, 578 (Tex.App.—Fort Worth 1985, pet. granted); Brotherton v. State, 666 S.W.2d 126, 128 (Tex.App.—Houston [14th Dist.] 1983, pet. ref’d).

Instruction on Voluntary Conduct

Appellant complains that the court failed to include in the murder application paragraph an instruction that the jury must find that appellant engaged in the alleged conduct voluntarily. We conclude that this element of the offense of murder was adequately covered by the charge. The murder paragraph requires the jury to find that appellant “did intentionally and knowingly” cause the death of James Van-horn. The court also instructed the jury in a separate paragraph following the instructions on lesser included offenses that a person is guilty of an offense only if he voluntarily engages in the conduct alleged *506 and that the jury should acquit the defendant if they should find that the shooting was not the voluntary act of the appellant. Appellant makes no complaint of the sufficiency of this instruction. No authority is cited supporting the view that such an instruction must be included in the murder application paragraph. We see no reason why the Cobarrubio holding should apply to this situation. Consequently, we hold that no error is shown in this respect.

Instruction on Offense of Reckless Conduct

Appellant complains that the charge fails to include an instruction on the lesser included offense of reckless conduct as defined by section 22.05 of the Texas Penal Code (Vernon 1974): We conclude that no such instruction was necessary. If appellant was guilty of reckless conduct causing Vanhorn’s death, he was guilty of involuntary manslaughter, as defined by section 19.05(a)(1) of the Code. The charge includes an instruction on involuntary manslaughter, including the element of reckless conduct. The defendant is entitled to a charge on the lesser included offense if there is evidence that the defendant, if guilty, is guilty only of the lesser offense. Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App.1981). Since there is no evidence that appellant’s conduct did not cause Van-horn’s death, there is no evidence that appellant is guilty only of the lesser offense of reckless conduct. Consequently, the court did not err in refusing to charge on reckless conduct.

Instruction on Necessity

In his last ground of error, appellant complains that he was entitled to a charge on necessity as well as self-defense. No evidence is cited raising necessity other than that relied on to raise self-defense. Appellant invites us to overrule our decision in Butler v. State, 663 S.W.2d 492, 496 (Tex.App.—Dallas 1983, pet. granted), in which we held that in a murder case where self-defense is raised, the defense of necessity is inapplicable. We decline to overrule that decision. On authority of Butler, we hold that the court did not err in failing to instruct on necessity.
Affirmed.