**Thomas Henderson COURTNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 173 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 26, 1987.

Ken J. McLean, Houston, for appellant.

William H. Behler, Jr., First Asst. Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

A jury found Appellant guilty of burglary of a habitation, and the judge assessed punishment at twenty years in the Texas Department of Corrections. Appellant has perfected appeal to this Court.

Point of error number one:

"The trial court committed reversible error by denying Appellant's specially requested cautionary instruction number one, namely, 'You have heard testimony that the complainant, Marilyn Ashlock, is a narcotics addict or Methamphetamine abuser. You are instructed that you should examine her testimony with greater caution than that of an ordinary witness. You, of course, may give the testimony such weight as you think proper, after considering all relevant circumstances.'"

Appellant cites us three cases to support his point: *People of Territory of Guam v. Dela Rosa,* 644 F.2d 1257 (9th Cir.1980); *United States v. Bernard,* 625 F.2d 854 (9th Cir.1980); *Fletcher v. United States,* 158 F.2d 321 (D.C.1946).

Only in a remote way could it be said these cases support Appellant's point of error. But, whether they do or do not, the issue for us is the attitude of our Court of Criminal Appeals. *Spencer v. State of Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

"[I]t has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure. And none of the specific provisions of the Constitution ordains this Court with such authority...."

385 U.S. at 564, 87 S.Ct. at 653, 17 L.Ed.2d at 614.

The old case of *Benson v. State,* 118 S.W. 1049, 1053 (Tex.Crim.App.1909), as far as we can find, has not faded away and is valid today:

"In the case of *Johnson v. State,* 9 Tex. App. 558, the court instructed the jury, in substance, that where the evidence was conflicting it was the duty of the jury to reconcile the conflicting testimony, if in their power to do so, or, if they could not do so, it was their province to 'give faith and credit to such as you think entitled to belief, and to disbelieve such as you see proper to disbelieve.' In passing on

this charge the court said: 'Under repeated decisions of this court the objections seem to have been well taken, and the charge gives the jury the right arbitrarily to disbelieve or discredit the testimony, and is an invasion of the province of the jury.' A similar ruling has been made in many cases." (Citations omitted).

A more modern case, *Chambers v. State*, 700 S.W.2d 597, 599 (Tex.Crim.App.1985), puts it this way:

> "It is not proper for a court to single out certain testimony and comment on it. To do so constitutes an improper comment on the weight of the evidence." (Citations omitted).

In the case we now review, the trial court gave the following instruction:

> "In determining the credibility of a witness, you may consider any matter in evidence that has a tendency in reason to prove or disprove the truthfulness of his/her testimony, including but not limited to the following:
>
> "His/her demeanor while testifying and the manner in which he/she testifies;
>
> "The character of his/her testimony;
>
> "The extent of his/her capacity to perceive, to recollect, or to communicate any matter about which he/she testifies;
>
> "The extent of his/her opportunity to perceive any matter about which he/she testifies;
>
> "The existence or nonexistence of a bias, interest, or other motive;
>
> "A statement previously made by him/her that is inconsistent with his/her testimony;
>
> "The existence or nonexistence of any fact testified to by him/her;
>
> "His/her attitude toward the action in which he/she testifies or toward the giving of testimony."

We believe that this charge, together with the jury's knowledge that the witness had previously had a drug problem, sufficiently protected Appellant in the manner

he deserved. The case of *Epley v. State*, 704 S.W.2d 502 (Tex.App.—Dallas 1986, pet. ref'd), discusses the *admissibility* of evidence that a witness had or was a drug user for impeachment purposes, concluding (at 504):

> "From these authorities we conclude that testimony of drug abuse is not in itself admissible to impeach a witness. The evidence must show an impairment of mental or moral sensibilities as a result of either recent or habitual drug abuse...."

Remember, in the case at bar we are not talking about the *admissibility* of evidence, but the necessity of a charge to a jury commenting on this evidence. We overrule this point of error.

■ Appellant's second point of error complains of the trial court's refusal to allow the testimony of Gary Burns "who, over the past four years, injected people with steroids by using syringes. Mr. Burns would have testified before the jury as to the quantity and cause of the numerous markings on complainants arms. Said testimony would have corroborated appellant's assertion that complainant was a drug user." [1]

The State questions the qualifications of Burns as not being shown to be an expert. We are not prepared to rest this point on that contention. Burns was a bailiff and had not only worked in health clubs, but had injected many people. We believe the real questions are: Was his testimony admissible? and, if so, Was its rejection reversible error?

*Epley v. State, supra,* rested the conclusion we discussed on *Beland v. State*, 86 Tex.Crim. 285, 217 S.W. 147 (1920), and *Anderson v. State*, 65 Tex.Crim. 365, 144 S.W. 281, 282 (1912). Such evidence [of confirmed use of morphine and cocaine] should be admitted if it is shown that the witness was "a 'cocaine fiend' to such an extent that it would impair her mental and moral sensibilities." *Epley*, 704 S.W.2d at 504.

---

1. This case was completed on June 5, 1985, before the Texas Rules of Criminal Evidence became effective.

While we would not expect today's Court of Criminal Appeals to so word its admissibility requirement ("cocaine fiend"), we would expect the Court to require a showing that the use was recent, or so extensive as to affect the testimony of the witness. And, to repeat, the trial court in the case at bar permitted testimony of the witness' drug use. We find nothing in Burn's proffered testimony that would add anything to what the jury heard anyway, and certainly nothing substantial enough to reverse the case. This point of error is overruled.

Points of error three and four are grouped in his brief and will be so dealt with here. They are:

Point of Error Three: "The trial court committed reversible error by denying appellant's specially requested instruction number two, namely, 'You are instructed that if you believe that at the time the defendant, Thomas Courtney, entered the residence of the complainant, Marilyn Ashlock, his intent was to take property owned by him, or if you have a reasonable doubt thereof, you will acquit the defendant.' "

Point of Error Four: "The trial court committed reversible error by denying Appellant's specially requested instruction number three, namely, 'You are instructed that if you believe that the defendant, Thomas Courtney, took property owned by him from the complainant, Marilyn Ashlock, or you have a reasonable doubt thereof, you will acquit the defendant.' "

■ We quote from a portion of Appellant's brief because it seems to clearly imply that the law is against his contentions in the above two points of error:

"Appellant is aware of the holding in *Sanders v. State,* 707 S.W.2d 78 (Tex.Cr. App.1986). The opinion clearly reveals an absolute, intentional, and total disregard for the Due Process Clauses of the respective constitutions. The opinion makes clear, although not in English, that a criminal appellant in Texas is entitled to an 'affirmative defense' instruction, viz: those statutorily defined in the Penal Code, Chapters 8 & 9. However, if

an accused's 'defense' is not prescribed in Chapters 8 & 9, no affirmative instruction regarding that 'defense' is required? This is alien to two hundred years of American Jurisprudence! The analysis ought to be quarantined if a small enough receptacle could be found to house it."

In *Sanders v. State, supra,* a unanimous en banc court held that "good faith" purchase (of a guitar) was not an affirmative defense to the felony offense of burglary of a building. The court did state (707 S.W.2d at 80):

"This Court has, since the enactment of the new Penal Code [1974], noted that the Penal Code specifically lists 'defenses' and that the bench and bar should not use the term 'defense' for an issue not so specifically labeled by the Code."

The Court then went on to explain that in all of the Code's defenses, one principle runs consistently throughout: evidence which constitutes a defense required the accused to admit the commission of the offense, but to justify or excuse his conduct so as to absolve him from criminal responsibility for conduct which would otherwise constitute a crime. So, contrary to Appellant's language, *Sanders v. State* merely states a long doctrine in Texas law. The Court wrote (at 81):

"This Court has long held that, if the alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given." (Citing authorities).

*See also, Bearden v. State,* 487 S.W.2d 739 (Tex.Crim.App.1972). This is true of Appellant's requested instructions 2 and 3. These points of error are overruled.

Appellant's final point of error follows:

"The trial court erred in refusing to allow Appellant to offer character witnesses who would have attested to Appellant's reputation for honesty and fair dealing."

■ In Texas, evidence is permitted concerning reputation on a number of matters. 1A R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 1321, at 493, et seq. (Texas Practice 3d ed. 1980). Repu-

tation is the collective opinion of the community as to those qualities. *Ray, supra,* sec. 1324, at 500. And "[a]n accused is allowed to introduce evidence of a specific good character trait to show that it is improbable he committed the offense charged, *where that character trait is involved in the offense."* (Emphasis supplied). *Thomas v. State,* 669 S.W.2d 420, 423 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd), and authorities cited.

The charge in the case at bar is burglary of a habitation. Would reputation evidence of honesty and fair dealing relate to any issue involved in this offense? While we have been unable to find any authority answering this question, we think not. It would be Appellant's reputation for being peaceable and law abiding at issue, and relevant, we think. *Stevens v. State,* 70 Tex.Crim. 565, 159 S.W. 505 (1913). Furthermore, under the laws of Texas in effect at the time of trial, such character trait was not permitted to be proven by evidence of personal opinion or specific acts. *Ward v. State,* 591 S.W.2d 810 (Tex.Crim.App. 1978); *Williams v. State,* 649 S.W.2d 693 (Tex.App.—Amarillo 1983, no pet.).

The witnesses offered by Appellant were, we believe, not testifying on community reputation, but specific acts and business dealings. This point of error is overruled.

The judgment of the trial court is affirmed.