[No. 13792.   Department Two. — February 3, 1892.]

DAVID W. SWAIN, RESPONDENT, *v.* THE FOUR-
TEENTH STREET RAILROAD COMPANY, AP-
PELLANT.

NEGLIGENCE — DRIVING UPON STREET-CAR TRACK — COLLISION — QUESTION
FOR JURY. — It is not negligence *per se* for the driver of a patrol wagon
to drive along and upon a street-car track, so long as he uses ordinary
care to avoid a collision with the cars on the track, and it is a question
for the jury whether he has used such ordinary care.

ID. — DUTY OF DRIVER OF STREET-CAR. — It is the duty of a driver of a
street-car to observe what is in the road before him, so as to avoid in-
flicting injury upon others, if practicable; and he is guilty of negligence
if he omits, without apparent excuse, to look ahead and observe whether
or not the track is clear.

ID. — INSTRUCTIONS — CONSTRUCTION — TAKING QUESTIONS FROM JURY. —
Where the instructions, taken as a whole, fully and fairly state the law
applicable to the case, an introductory instruction, to the effect that the
jury are sole judges of the evidence, and that if they believe from the evi-
dence that plaintiff has sustained damage under the circumstances proven,
and under the law as now being given by the court they should find for
the plaintiff, should not be construed as taking the questions of negligence
and contributory negligence from the jury, but would be understood by
the jury as declaring that they should give a verdict for the plaintiff, if
upon the evidence and the law about to be given they were convinced
that he was entitled to it.

ID. — LIABILITY OF STREET-CAR COMPANY. — It is proper to instruct the jury
that if, by reason of inattention, carelessness, or incompetency, the driver
of a street-car fails to avoid a collision with a wagon upon the track, the
street-car company is responsible for an injury thereby occasioned to
the occupant of the wagon, if there is no contributory negligence upon
the part of the occupant or the driver of the wagon.

ID. — EASY STOPPAGE OF STREET-CARS — FACT OF COMMON KNOWLEDGE
— EVIDENCE. — A statement in an instruction to the jury that street-
cars are easily and readily stopped, being the statement° of a fact of
common knowledge which the jury might properly consider without any
other evidence of its existence, is not prejudicial to the defendant.

ID. — DAMAGES — DISCRETION — NEW TRIAL — EXCESSIVE DAMAGES. — In
fixing damages for personal injuries received through the negligence of
the employees of a street-railroad company, much is left to the discre-
tion of the jury, and when the verdict has been approved by the trial
court, the appellate court will not grant a new trial upon the ground
of excessive damages, unless it is plain that the verdict was not the
result of the fair and honest judgment of the jury.

ID. — COLLISION WITH POLICE PATROL WAGON. — INJURY TO OFFICER IN
CHARGE — DAMAGES NOT EXCESSIVE. — A verdict for seven thousand
five hundred dollars damages in an action against a railroad company for
damages alleged to have been sustained by the plaintiff through the
negligence of defendant in running its street-car against a police patrol

wagon, which the plaintiff was in charge of as an officer for the purpose of conveying to a hospital a man with a broken leg, and thereby violently throwing the officer to the ground, causing serious injury, is not so excessive as to warrant a new trial.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Fox, Kellogg & King,* for Appellant.

An ordinary vehicle, meeting a street-car running upon a fixed track, must give way to the car. (*Shea* v. *Potrero etc. R. R. Co.,* 44 Cal. 428.) According to the allegations of this complaint, the injury, if any, must have been the result of inevitable accident or casualty, or of negligence on the part of the persons in charge of the wagon, — not of the car. If it was inevitable accident or casualty, the defendant cannot be held liable. (*Chidester* v. *Consolidated Ditch Co.,* 59 Cal. 197; *Aston* v. *Heaven,* 2 Esp. 533; *Hamack* v. *White,* 11 Com. B., N. S., 588; *Beach* v. *Parmeter,* 23 Pa. St. 197; *Atchison etc. R. R. Co.* v. *Flynn,* 24 Kan. 627; *Hallihan* v. *St. Joseph R. R. Co.,* 71 Mo. 113; *Maschek* v. *St. Louis R'y Co.,* 71 Mo. 276; *Hestonville etc. R. R. Co.* v. *Kelley,* 102 Pa. St. 115; *Woodbridge* v. *Delaware etc. R. R. Co.,* 105 Pa. St. 460; *Meyer* v. *Midland Pacific R. R. Co.,* 2 Neb. 320; *State* v. *Baltimore and Ohio R. R. Co.,* 24 Md. 84; 87 Am. Dec. 600.) The plaintiff was not riding on the car of the defendant, so no presumption of negligence arises against the proprietor of the car. (*Tompkins* v. *Clay Street R. R. Co.,* 66 Cal. 165.) There is nothing in the complaint to show want of ordinary care on the part of the agent of the defendant in the management of the car, or that the plaintiff took ordinary precautions for his own safety, and therefore nothing to show a cause of action against the defendant. (*Roller* v. *Sutter Street R. R. Co.,* 66 Cal. 230.) Contributory negligence on the part of the party injured bars the action. (*Hayes* v. *Wells, Fargo & Co.,* 23 Cal. 193; 83 Am. Dec. 89; *Gay* v. *Winter,* 34 Cal. 153; *Needham* v. *San*

*Francisco etc. R. R. Co.*, 37 Cal. 409; 99 Am. Dec. 282; *Maumus* v. *Champion*, 40 Cal. 121; *Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 429; *Meeks* v. *Southern Pacific R. R. Co.*, 52 Cal. 602; *Jamison* v. *San José etc. R. R. Co.*, 55 Cal. 593; *Tennenbrock* v. *Southern Pacific R. R. Co.*, 59 Cal. 269; *Craven* v. *Central Pacific R. R. Co.*, 72 Cal. 345; *Brown* v. *Central Pacific R. R. Co.*, 72 Cal. 523.) Whenever the plaintiff's own negligence is the proximate cause of damage to his person, he cannot recover, even if there has been some negligence on the part of the defendant. (*Ryall* v. *Central Pacific R. R. Co.*, 76 Cal. 474; *Davis* v. *Button*, 78 Cal. 250.) And where the facts tending to establish contributory negligence on the part of the plaintiff are undisputed, the question is one for the court, and ought not to be submitted to the jury. (*Deville* v. *Southern Pacific R. R. Co.*, 50 Cal. 383; *Flemming* v. *Western Pacific R. R. Co.*, 49 Cal. 253; *Fernandes* v. *Sacramento City R'y Co.*, 52 Cal. 45; *Nehrbas* v. *Central Pacific R. R. Co.*, 62 Cal. 320; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 137; *Fagundes* v. *Central Pacific R. R. Co.*, 79 Cal. 100; *Overacre* v. *Blake*, 82 Cal. 83.) If the negligence of plaintiff amounts to the absence of ordinary care, and contributes proximately in any degree to the injury, he cannot recover. (*Strong* v. *Sacramento & P. R. R. Co.*, 61 Cal. 326.) The case is not unlike that of an attempt to cross a railroad with a wagon, under circumstances where an approaching train could not be seen. In such a case this court has frequently held that it was contributory negligence to make the attempt without stopping to listen for the approaching train. (*Flemming* v. *Western Pacific R. R. Co.*, 49 Cal. 257; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 140; *Hearne* v. *Southern Pacific R. R. Co.*, 50 Cal. 484.) The damages are excessive, and must have been given under the influence of prejudice or passion. Damages professedly exemplary are not allowable. (Civ. Code, sec. 3333.) The proximate, or immediate and direct, damages are the measure of recovery. (*Henry* v. *Southern Pacific R. R. Co.*, 50 Cal. 182; *Chidester* v.

*Consolidated etc. Ditch Co.*, 53 Cal. 56.) Damages are not dependent upon the wealth or poverty of the plaintiff. (*Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 426; *Malone* v. *Hawley*, 46 Cal. 409.) The costs and expenses of plaintiff in prosecuting the action cannot be taken into consideration by the jury. (*Howell* v. *Scoggins*, 48 Cal. 345; *Falk* v. *Waterman*, 49 Cal. 224.)

*James A. Johnson*, and *A. A. Moore*, for Respondent.

It was not negligence for the driver of the patrol wagon to drive along the car-track, and the company was guilty of negligence in running its car so carelessly and recklessly. (*Shea* v. *P. & B. V. R. R. Co.*, 44 Cal. 428.) Street-cars never run very fast, and are easily and almost instantly stopped, and the driver was negligent in not stopping, and in not properly attending to his duties. The rules of law applicable to steam-railways do not apply to street-railways. (*Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 428.) The driver of the patrol wagon had the right to assume that the driver of the street-car would exercise due care, and to act upon that assumption. He was not bound to leave the track prematurely. (*Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 409; *Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 414; *Lynam* v. *Union R. R. Co.*, 114 Mass. 83; Beach on Contributory Negligence, par. 88; Thompson on Negligence, pars. 3, 4.) The defendant, being a common carrier of passengers, and, as such, held to the highest degree of care, is liable for even slight negligence. (Beach on Contributory Negligence, 20; *Farish* v. *Reigle*, 11 Gratt. 711; *Fairchild* v. *California Stage Co.*, 13 Cal. 604.) There being no contributory negligence on the part of the plaintiff, the doctrine of such negligence could have been ignored in the instructions. (*Munro* v. *Pacific etc. Co.*, 84 Cal. 515; 18 Am. St. Rep. 248.) The burden of proving contributory negligence of the party injured is on defendant, unless plaintiff's case discloses such want of ordinary care that a verdict cannot be sustained, "in which case nonsuit lies." (*McQuilken* v. *Central Pacific*

*R. R. Co.*, 50 Cal. 7; *Tennenbrock* v. *South Pacific Coast R. R. Co.*, 59 Cal. 269; *MacDougall* v. *Central R. R. Co.*, 63 Cal. 434; *McQuilken* v. *Central Pacific R. R. Co.*, 64 Cal. 465.)

DE HAVEN, J.—Action for damages alleged to have been sustained by plaintiff through the negligence of defendant in running its street-car against a wagon in which the plaintiff was riding, and thereby violently throwing him to the ground.

The plaintiff recovered judgment for the sum of seven thousand five hundred dollars damages, besides costs, and from this judgment, and an order denying its motion for a new trial, the defendant appeals.

1. The evidence upon the part of the plaintiff tended to show that between seven and eight o'clock in the evening of September 12th, the plaintiff, who was a police-officer of Oakland, went in charge of the police patrol wagon to a railroad station in that city for the purpose of conveying to the hospital a young man whose leg had been broken. The injured man was placed on a stretcher in the wagon, and the wagon was driven along the track of the defendant's street-railroad, not far behind a street-car, and at about the same rate of speed. The car which the wagon was following turned off on a switch where the street-cars pass each other, and very soon thereafter a car coming from the opposite direction on the main track came in collision with the wagon, by reason of which plaintiff sustained the injuries complained of. As to what took place immediately after he saw the approaching car, and before the collision, the driver of the patrol wagon testified: " I started to pull my wagon out of the track. I had to do it slow on account of the man, and I saw this fellow was coming up before I could get out, and I hollered and said 'You stop your car until I can get out.' He paid no attention, and came on. It seemed as though he came faster. Then officer Babb hollered. He took no notice of it at all. He was looking behind his car. When I first hol-

lered to him he was about sixty feet away. I hollered as loud as I could. Officer Babb sung out very loud,— as loud, I guess, as he could holler. I said: 'Stop that car; stop that car.' When Babb hollered, he said: 'Stop the car; stop the car.' The driver of the car was looking behind the car; turned away, looking around the corner of the car, — looking at the other car going on, I suppose. The other car had passed at that time." This testimony was corroborated by other witnesses, all tending to show that the driver of the wagon was endeavoring to avoid the collision in the manner stated by him, and that the driver of the car made no attempt to slacken its speed. The court did not, in view of this evidence, err in denying the motion of defendant for a nonsuit. It was not negligence *per se* for the driver of the patrol wagon to drive along and upon the track of the defendant's road. He had a right to do this so long as he used ordinary care to avoid any collision with defendant's cars. (*Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 414; *Flickenstein* v. *Dry Dock etc. R. R. Co.*, 105 N. Y. 655; 1 Thompson on Negligence, 396.) And it was clearly a question for the jury, whether the driver of the patrol wagon did use ordinary care in endeavoring to avoid the collision, or whether he ought not to have turned out of the track more quickly when he saw defendant's car approaching. This evidence was also sufficient to show that the driver of the car was negligent in omitting, without any apparent excuse, to look ahead and observe whether the track was clear. It is the duty of such a driver, equally with the driver of any other vehicle, to observe what is in the road before him, so as to avoid inflicting injury upon others, if practicable.

2. The instructions of the court, taken as a whole, fully and fairly stated the law applicable to the case, and as to the respective rights of the parties to the use of that portion of the street in which defendant's track is laid, and as to the degree of care which each was required to exercise, in order to avoid coming in collision with the other.

In the introductory part of its instructions the court said: "You are the sole judges of the evidence given by all the witnesses here; and if you believe from the evidence that the plaintiff has sustained *damage* under the circumstances here presented to you by the evidence, and under the law as now being given to you by the court, your verdict must be for plaintiff."

The appellant contends that this statement took away from the jury the right to pass upon the questions of negligence and contributory negligence, and made the right of plaintiff to a verdict depend alone upon the fact that he had been injured.

This language of the court was not as precise and guarded as might have been employed; but we do not think, in view of the full and complete instructions which followed, that it could have been understood by the jury otherwise than as declaring that they should give a verdict for the plaintiff if, upon the evidence and under the law then about to be given, they were convinced that he was entitled to it.

3. There was no error in the instruction numbered 6. In substance, it told the jury that if, by reason of inattention, carelessness, or incompetency, the car-driver failed to avoid the collision, the defendant was liable, if there was no contributory negligence on the part of the plaintiff or the driver of the wagon; and the statement in the preceding part of the instruction, that street-cars are easily and readily stopped, could not have prejudiced the appellant. The fact itself is one of common knowledge, and which the jury might properly consider without any other evidence of its existence. The instruction as given left the jury entirely free to draw from the fact alluded to such inferences as they thought proper, and contained no expression or intimation of the opinion of the court as to the weight which should be accorded to it in their deliberations.

4. The amount of the verdict in this case is large, but we cannot say that it is suggestive of either passion or prejudice on the part of the jury. In fixing damages in

this class of cases, much is left to the discretion of the jury; and when the verdict has been approved by the trial court, this court is not authorized to grant a new trial upon the ground of excessive damages, except in a case where it is plain that the verdict was not the result of the fair and honest judgment of the jury.

We find no error in the record.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.