## St. Louis and San Francisco Railway Company v. L. E. Bussong.

### Decided November 4, 1905.

**1.—Negligence—Inspection—Failure to Fasten Car Door.**

Where a railroad fireman was struck and injured by lumber projecting
from the door of a passing car, and the evidence showed that the car was
inspected at the last station before the place of accident and was in good con-
dition, but also showed that had the door been properly fastened the lumber
would not have protruded, and that a proper inspection would have disclosed
that the doors were not properly fastened and secure, the jury were authorized
to find negligence on the part of the railway company.

**2.—Fellow Servants—Operation of Railroad.**

Under the Missouri statute making railway companies liable for damages
sustained by any servant who is injured by the negligence of any other agent
or servant of the company "while engaged in the work of operating such rail-
road," a fireman who, after attending to the headlight of his engine, stood in
front of the pilot a short time to see who composed the crew of a passing

train, and while returning to the cab was struck by lumber projecting from such train, was engaged in the work of operating a railroad within the meaning of the statute.

**3.—Negligence—Charge Assuming—Harmless Error.**

A charge assuming that the leaving of a car door unfastened was negligence was not prejudicial error where the uncontradicted evidence showed that the door should have been closed and properly fastened, and that if this had been done the pieces of lumber which struck and injured plaintiff would not have protruded therefrom.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*C. H. Yoakum* and *Head, Dillard & Head,* for appellant.—1. There was no negligence shown entitling plaintiff to recover. Railway Co. v. Rielly, 72 N. E. Rep., 454; Broadway v. Gas Co., 60 S. W. Rep., 270; Lumber Co. v. Denham, 85 Texas, 56; Railway Co. v. Barrager, 14 S. W. Rep., 242; Railway Co. v. Crowder, 55 S. W. Rep., 380; Railway Co. v. Dallas, 61 Texas, 196; Railway Co. v. Crowder, 63 Texas, 502; Starnes v. Ontario Spinning Co., 184 Penn. St., 519, 63 Am. St., 807; Spees v. Boggs, 198 Pa. St., 112, 82 Am. St., 792.

2. The evidence undisputedly shows that plaintiff, at the time he was injured, was not engaged in the operation of a railroad within the meaning of the Missouri statute. Railway v. Howard, 97 Texas, 513; Medberry v. Railway, 81 N. W. Rep., 659; Railway v. Farmer, 73 Texas, 85.

*Wolfe, Hare & Maxey,* for appellee.—1. The negligence shown authorized the submission of the case to the jury and sustains the verdict. Texas & P. Ry. Co. v. Levi & Bro., 59 Texas, 677; Gulf, C. & S. F. Ry. Co. v. Moore, 69 Texas, 160; San Antonio & A. P. Ry. Co. v. Lindsey, 65 S. W. Rep., 658; Railway Co. v. Buch, 65 S. W. Rep., 683; Gulf, C. & S. F. Ry. Co. v. Wood, 63 S. W. Rep., 165; McCray v. Railway Co., 89 Texas, 171; Howser v. Railway Co. (Md.), 30 Atl., 907, 27 L. R. A., 154; Thomas v. Western U. Tel. Co., 100 Mass., 156; Railway Co. v. Sage, 84 S. W. Rep., 815; Durkin v. Sharp, 88 N. Y., 229; Payne v. Railway Co., 6 N. W. Rep., 281; Railway Co. v. Skaggs, 74 S. W. Rep., 786; Railway Co. v. McElye, 71 Texas, 387; Railway Co. v. Marcelles, 59 Texas, 334; Railway Co. v. Kernan, 78 Texas, 294; Railway Co. v. Hutchens, 80 S. W. Rep., 416.

RAINEY, CHIEF JUSTICE.—This suit was instituted by L. E. Bussong against the appellant railroad ocmpany to recover damages on account of personal injuries to him, alleged to have been inflicted by the negligence of defendant. A trial resulted in a verdict and judgment for plaintiff from which this appeal is prosecuted.

On January 30, 1903, plaintiff was in the employment of defendant as fireman of a locomotive engine, and while firing on engine 565 on a westbound freight train on defendant's road, said train, in obedience to defendant's order, was placed on a passing track at Bourbon, Missouri, to let extra 568, going east, pass it. While 565 remained on said passing track it was well in the clear, that is, it was standing at such

point that a train going in the opposite direction on the main track, under ordinary circumstances, would have full room for passing without danger of collision, the distance between the inside rails of the two tracks being eight feet. When 565 stopped on the siding, where it staid ten or fifteen minutes, plaintiff went to the front of the engine to look at the headlight, and after attending to what was necessary there, he got down on the ground in front of the pilot of his engine and there stood to see what crew was on 568, in order that he might determine what rest he would get after he arrived at his destination. By seeing what crew was on 568 he could tell what crew was to follow. After ten cars of 568 had passed him, he started down between the trains to mount his engine, and when walking along, rubbing his arm on the cylinder of his engine, he was struck and injured by pieces of lumber projecting from a car in the other train. Had he been seated in his cab he would not have been injured, nor would he have been hurt had the pieces of lumber not protruded. The door of the car loaded with lumber in 568 was not securely fastened, which condition permitted pieces of lumber to protrude therefrom, and it was proper in operating said train that the doors should have been securely fastened to prevent pieces of lumber from protruding. That a careful inspection would have disclosed that said door was not properly fastened, and there was not such inspection as one in the exercise of ordinary care would have made under the circumstances. There is a rule of the defendant that the conductor and brakeman operating a freight train at stops and terminals are to examine cars and see that there are no swinging doors and hanging beams and see that they are in proper condition. The evidence is sufficient to warrant the jury's finding that the defendant was guilty of negligence and that plaintiff was not guilty of contributory negligence.

A peremptory instruction was asked instructing the jury to find for defendant, which was refused, and this is assigned as error, the contention being that the evidence does not support the verdict and judgment. (1) because there was no negligence shown, as the car was properly loaded, and was inspected at Newburgh and along its line, as was proper, by its brakeman. There is testimony that the car was inspected at the last station before the place of the accident and was in good condition, and it is contended that this excludes the theory of negligence, though the lumber fell and protruded before reaching Bourbon. This evidence is overcome by the testimony that had the door been properly fastened the lumber would not have protruded, and that a proper inspection would have disclosed that the doors were not properly fastened and secure, from which the jury were authorized to find negligence on the part of defendant.

(2) That the evidence shows that plaintiff, when injured, was not engaged in the operation of a railroad within the meaning of the Missouri statute, wherefore the brakemen on the train were his fellow servants. This contention is met in answering whether or not plaintiff was engaged in the work of operating a railroad. The statute of Missouri relating to this subject is as follows: "That every railroad corporation owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof while engaged

in the work of operating such railroad, by reason of the negligence of any other agent or servant thereof; provided that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury." When plaintiff was injured he was actually engaged in the work of operating the train 565. He was attending to his duties as fireman, his train having been ordered to stop on the passing switch at Bourbon that 568 might pass, and at the time he was struck he was proceeding to mount his engine in order to continue the journey. To hold that his standing in front of his engine a short time to tell what crew was operating 568 would deprive him of his character of an operative "engaged in the work of operating a railroad," it seems to us would do violence to the meaning and spirit of the statute. We therefore do not agree to this contention of defendant.

Complaint is made of the following paragraph of the court's charge, viz: "Now if you believe from the evidence that while said eastbound freight train was passing the train upon which plaintiff was fireman, at Bourbon, a station on defendant's line of road, there was protruding from one of the cars in said eastbound train a piece or pieces of lumber or timber, and that plaintiff was struck by said protruding lumber or timber, if you find any was then so protruding, and thereby knocked down and caused to fall under the wheels of said eastbound train, and that his foot and leg were thereby so crushed, mangled, torn and bruised as to necessitate amputation of his leg; and if you further believe from the evidence that the attachments, appliances and apparatus for fastening said door were not placed in their proper position and so fixed as to fasten said door, and that said door was not properly fastened by the said appliances, attachments, and apparatus for fastening same, or that said door was unfastened; and if you further believe from the evidence that said lumber or timber would not have protruded from said car if said door had been properly fastened with the appliances, attachments and apparatus for fastening the same; and if you further believe from the evidence that said timber or lumber was permitted to protrude from said car by reason of the door not being properly fastened, if you find it was not so fastened; and if you further believe from the evidence that such condition of said door, if you find it was not properly fastened, existed such length of time before plaintiff was injured, and at such place or places as that either defendant's employes at Newburgh or its employes on said train whose duty it was to inspect said car, by making such an inspection thereof as an ordinarily prudent person, in the exercise of ordinary care, would have made under the same or similar circumstances, would have discovered, before plaintiff was injured, that said door was not properly fastened, if you find that such was its condition; and if you further believe from the evidence that said employes or any of them whose duty it was to inspect said car, failed to make such inspection as an ordinarily prudent person, in the exercise of ordinary care, would have made under the same or similar circumstances; and if you further believe from the evidence that the failure to make such inspection, if you find there was such failure, was negligence, as same has been heretofore defined to you, and that such negligence, if any, was the direct and proximate cause

of plaintiff's injuries, then you will find for plaintiff and assess his damages as hereinafter directed, unless you find for the defendant under other instructions given you." The complaint made of this charge is in effect that it assumes that it was negligence for the defendant not to have the door of the car properly fastened with the attachments upon it for fastening, and did not leave it for the determination of the jury. If the court assumed that the leaving of the door of the car unfastened was negligence, it was not error, because the uncontradicted evidence shows that the door should have been closed and properly fastened; and had it been closed and properly fastened the pieces of lumber would not have protruded. The charge first submits the issue of whether or not the door was closed and properly fastened, and then submits the issue of proper inspection, and confines the right of recovery solely to negligence, if there was failure to inspect the door, in the event they should find the door was not properly fastened.

The court instructed the jury if the car was properly fastened, or if defendant's employes made such inspection as an ordinarily prudent person would have made under the same or similar circumstances, to find for defendant. Considering the charge as a whole, in connection with the issue and the evidence, it is not probable that they were led to believe that they could find for plaintiff on any other theory than that of negligence in failing to make proper inspection under the circumstances.

We deem it unnecessary to discuss the remaining assignments of error, all of which relate to the refusal of the court to give requested instructions, as the court fairly presented all the issues raised that were necessary to submit.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.