JOSEPH MADERIOS *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   November 17, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of highway, Street railway.

At the trial of an action against a street railway company by the driver of a motor truck for personal injuries received when the truck was struck by a street car, there was evidence that, just previous to the collision, the plaintiff, on a rainy, misty, winter morning, when there was a foot of snow on the ground and two or three feet near the curb, was driving the truck from a garage entrance fifteen feet from the curb or twenty-five feet from the nearest street car track; that as he emerged he saw the street car two hundred and fifty feet distant on his left, apparently standing still; that he drove slowly and looked again when at the curb and then saw the street car sixty feet away; that he proceeded, turning to his right, but the motor stalled when the left front wheel of the truck was on the track; that the street car then was fifty feet away; that the street car, which was going at the rate of about fifteen miles per hour on a down grade so that the motorman could not then stop it, struck the truck and continued on its way twenty-five feet before it could be stopped. *Held,* that

(1) The questions, whether the plaintiff should have anticipated that the engine of the truck might become stalled upon or near the track and that a collision with the street car might follow, and whether he was guilty of contributory negligence, were for the jury;

(2) The question, whether the motorman was negligent, was for the jury.

TORT for personal injuries received on January 15, 1923, when a motor truck which the plaintiff was driving was run into by a street car of the defendant on Beacon Street in Somerville. Writ dated June 27, 1923.

In the Superior Court, the action was tried before McLaughlin, J. Material evidence is described in the opinion. The trial judge denied a motion by the defendant that a verdict be ordered in its favor. The jury found for the plaintiff in the sum of $1,500, and the judge reported the action to this court for determination.

F. J. Carney, (J. A. Canavan with him,) for the defendant.

G. I. Cohen, for the plaintiff.

PIERCE, J. This is an action of tort for injuries sustained by the plaintiff on January 15, 1923, on Beacon Street, Somerville, by reason of a collision between an automobile truck which he was driving and a street car of the defendant. At the close of the evidence for the plaintiff the defendant rested and moved that a verdict be ordered in its favor. The trial judge denied the motion. The case was submitted to the jury and they returned a verdict for the plaintiff. By agreement of the parties, and at their request, the judge reported the case to this court with the stipulation that if he was right in refusing to order a verdict for the defendant judgment is to be entered on the verdict, and if the ruling was wrong judgment is to be entered for the defendant.

The jury could have found the material facts in support of the plaintiff's contention, justified by the evidence, to be as follows: The plaintiff, as the driver of a Ford truck, at about 8:40 in the morning of the day of the collision went to the Harvard Garage on Beacon Street toward Porter Square, in Somerville, to take out his car. On the street and around the exit or entrance to the garage there was a foot of snow, and near the curbstone the snow was two or three feet deep. There were two lines of trolley car tracks running

from Inman Square to Porter Square. The track over which the cars ran to Porter Square on the easterly side of Beacon Street was distant twenty or twenty-five feet from the middle entrance to the garage. The distance from the front of the building to the curb was about fifteen feet. Preceded by his "lumper," who had gone to the curbstone and there had motioned to him, the plaintiff started his motor and came toward the door of the garage. At the doorway he blew his horn and looked to his right and then to his left to see if there were any vehicles coming. He saw no car or other vehicle on his right; on his left he saw an outbound trolley car of the defendant which appeared to be stopped at Kent Street, distant southerly from the car barn two hundred and fifty or three hundred feet. He then drove slowly out of the center door of the garage to the curbstone, and at that point looked to his right and to his left; saw nothing to his right but saw an electric car to his left about sixty feet away. He turned to the right and his engine stalled "when he got one wheel on the track," the trolley car as he then saw it being about "fifty feet away." He started up his car but was unable to "tell if he got struck before he got moving."

On the testimony of a passenger on the electric car, it could have been found that the car slowed up at Kent Street but did not stop; that when the car was forty or fifty feet away the truck was on the track; that the back of the truck could be seen from the car; that the motorman was trying to stop the car but it was going very fast and did not stop before it "crashed the truck." There was further evidence that warranted a finding that within the fifty or sixty feet over which the trolley car passed before the collision it was "coming along fast, about fifteen miles an hour"; that there was at this place a down grade of seven or eight inches; that it was rainy or misty at the time; that the "street car seemed to pick up speed, go faster, instead of stopping"; and that the car went twenty-five feet from the place where the collision occurred after hitting the truck.

The question of the plaintiff's due care was for the jury. He seemingly took every precaution to ensure safe driving from the garage until he could make the turn to the right

to the street, having regard to the trolley tracks and the possible approach of street cars, unless the jury should find under all the disclosed circumstances he should have anticipated that the engine might become stalled upon or near the track, and a collision with the street car follow.   The situation does not closely resemble *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392; nor is it governed by the cases of *Glennon* v. *Boston Elevated Railway*, 251 Mass. 103, and *Larkin* v. *Boston Elevated Railway*, 253 Mass. 318, as the defendant contends.   Indeed the resemblance is close to and the case is governed by *Harlow* v. *Worcester Consolidated Street Railway*, 248 Mass. 572.

We think the evidence that the electric car did not slacken speed as it approached the truck, but seemed to increase speed and go faster, even when the danger of collision was apparent, required the issue of the negligence of the defendant's motorman to be submitted to the jury.   *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159.   *Shapiro* v. *Lyon*, *ante*, 110.

The refusal to order a verdict for the defendant was right; and in accordance with the stipulation judgment is to be entered on the verdict.

*So ordered.*