[Civ. No. 6421. First Appellate District, Division One.—November 27, 1929.]

RALPH WHITMEYER, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

Ford, Johnson & Bourquin, Ford & Johnson and Fletcher A. Cutler for Appellant.

Gillis & Edwards for Respondent.

KNIGHT, J.—About 8 o'clock in the evening an automobile in which respondent was riding stalled close to and almost parallel with the track of the appellant company, on a public street in the city of Alameda; and while respondent was stooped in front of the machine endeavoring to start the same by cranking the engine one of appellant's interurban electric cars ran into the rear end of the automobile, shoving it upon respondent and severely injuring him. As a result of the accident respondent commenced this action to recover damages for the personal injuries suffered by him, and upon trial before the court sitting without a jury was awarded judgment for the sum of $954.17, from which judgment this appeal was taken, the sole ground urged for reversal being that respondent was guilty of contributory negligence as a matter of law.

The accident occurred on Lincoln Avenue between Oak and Park Streets, about 150 or 200 feet easterly of Oak Street, in a business section of said city. Lincoln Avenue is a paved street and runs in an easterly and westerly direction. It is a little less than fifty feet wide between curbs and along the center thereof appellant maintains double tracks over which it operates its interurban electric cars. On the evening in question respondent had accepted an invitation to ride home with a friend in the latter's automobile. They started on Lincoln Avenue east of Oak Street, and after traveling easterly toward Park Street for a distance of about seventy-five feet the driver pulled over toward the east-bound car track in order to pass a machine parked at the curb, and before he was able to clear the track his automobile stalled close to the outer rail thereof. Several unsuccessful attempts were made to start the engine with the self-starter, and then the driver requested respondent to get out and crank the engine, which respondent proceeded to do; and while he was stooped in front of the machine in the act of "spinning" the crank appellant's eastbound car came along and struck the rear end of the automobile, with the result already stated.

Lincoln Avenue is straight and level for a distance of over 600 feet westerly of the point of collision, and testimony was given by persons who witnessed the accident from

the sidewalk to the effect that although the red tail-light of the automobile was lighted and the automobile itself could be seen plainly within the glare of the headlight of the electric car continuously from the time the car came within a range of 500 feet of the automobile until it was struck, the speed of the electric car was not slackened nor its brakes applied until it was within fifteen or twenty feet of the stalled machine.

Respondent testified that when he alighted from the automobile to crank the engine he saw the headlight of the electric car, which was then about 500 feet distant from the place where the automobile stalled, and that he knew the automobile was not clear of the track. Appellant contends, therefore, that in remaining in front of the machine until it was struck respondent was guilty of contributory negligence as a matter of law. It has been held, however, that the question of whether or not the driver of an automobile which has stalled on a street-car track is negligent in remaining with it too long, in his efforts to remove it from its dangerous position, is one of fact to be determined in the trial court from all the circumstances of that particular case. In this regard the case of *Unger* v. *San Francisco-Oakland Terminal Rys.*, 61 Cal. App. 125 [214 Pac. 510, 513], declares the law to be as follows: "A driver of an automobile or other vehicle stopped for any temporary cause in front of an approaching street car cannot be held guilty of negligence as a matter of law if he does not desert his vehicle at least until it is reasonably certain that an impact is unavoidable and he has the right to assume that those in charge of the operation of the approaching street car, seeing his predicament, will not negligently run him down. He has the right to make a reasonable effort to start his vehicle if it is susceptible of being started and so save it and its occupants from injury. Whether his act in so doing or attempting to do so were unreasonable and negligent would be a question of fact which it would be the province of the jury to determine in view of all of the circumstances of the particular case." (See, also, *Maderios* v. *Boston Electric Ry. Co.*, 254 Mass. 302 [150 N. E. 156]; *Brien* v. *Detroit United Ry. Co.*, 247 Fed. 693.) Furthermore, a person has the right to assume that a motorman will operate his electric car in a reasonable and careful manner

(*Smith* v. *Southern Pac. Co.*, 201 Cal. 57 [255 Pac. 500]); ██ and in this connection the general rule is that it is the duty of a motorman operating an electric interurban car on the streets of a city to keep a lookout for vehicles on the track, and when he discovers or in the exercise of ordinary care, by keeping a lookout, should discover, the presence of a vehicle on the track in a place of apparent peril, it is his duty to exercise ordinary care to prevent a collision, and when it becomes apparent that the track is occupied by a vehicle which cannot be moved in time to avoid a collision, it is his duty to bring the car to a stop, and a failure to do so is negligence (25 R. C. L., p. 1251; *Oklahoma Union Ry. Co.* v. *Burgess,* 124 Okl. 233 [254 Pac. 970]); and that he is guilty of negligence if he omits without apparent excuse to look ahead and observe whether or not the track is clear (*Swain* v. *Fourteenth Street Ry. Co.,* 93 Cal. 179 [28 Pac. 829]; *Callett* v. *Central California Traction Co.,* 36 Cal. App. 240 [171 Pac. 984]).

██ In the present situation it may be fairly inferred from all of the circumstances surrounding the accident that respondent remained in front of the automobile as long as he did, believing he would be able to start the automobile and thus remove it from the danger of being struck by the electric car before the car reached that point, but if unable to do so that the electric car was being operated in a careful manner and at a reasonable rate of speed and consequently that the motorman would see the stalled automobile in ample time to stop the car before colliding with it. Under such circumstances we are not prepared to hold as a matter of law that the trial court's finding that respondent was not negligent is wholly unsupported by the evidence (*Brien* v. *Detroit United Ry. Co., supra*). ██ As often said, rarely is a set of circumstances presented which enables a court to say, as a matter of law, that negligence has been shown. It is usually a question of fact for the jury, an inference to be deduced from the circumstances of each particular case (*Gregg* v. *Western Pacific R. R. Co.,* 193 Cal. 212 [223 Pac. 553]; *Seller* v. *Market Street Ry. Co.,* 139 Cal. 268 [72 Pac. 1006]). ██ And even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the determination of the trial

court. (*Johnson* v. *Southern Pac. R. R. Co.*, 154 Cal. 285 [97 Pac. 520]; *Zibbell* v. *Southern Pac. R. R. Co.*, 160 Cal. 237 [116 Pac. 513]; *Seller* v. *Market Street Ry. Co., supra.*) The cases cited by appellant in furtherance of its contention that respondent was guilty of contributory negligence are not in point for the reason that they differ materially in their facts from the present case, or relate to crossing accidents where the railroad company was operating its cars over its private right of way and not over and along city streets.

It was claimed by the motorman that his view of the track ahead was obstructed by an automobile, other than the stalled one, traveling in front of his car and "afoul" of the track at a slow rate of speed, and which did not clear the track until it was close to the stalled one; and that consequently he was within fifty feet of the stalled automobile before he was able to see it. The essential portions of his testimony were contradicted, however, by the testimony of other witnesses, including the driver of the other automobile; but aside from such contradiction, an analysis of the motorman's testimony would seem to demonstrate that the presence of the other automobile had little to do, if anything, with the cause of the electric car colliding with the stalled machine for the following reasons: He testified that his view in the direction of the stalled machine was not obstructed until the other machine appeared on the track in front of him, and that he was then only 300 feet distant from the stalled machine, and his car was traveling at a speed of thirty or thirty-five miles an hour; that immediately upon sighting the other automobile he applied the emergency brakes fully and that they were not released until after the impact, but that his car did not come to a standstill until it reached a point beyond the stalled machine, because when traveling thirty miles an hour it could not be brought to a stop, even with all brakes fully set, within a distance of 295 or 300 feet. Therefore, being within 300 feet of the stalled automobile before the brakes were applied, and being unable to stop the car within that distance, it would appear that irrespective of the presence of the other automobile he could not have escaped hitting the stalled machine, at the rate of speed his car was traveling. However that may be, we are of the opinion that when

all conflicts are resolved in favor of the trial court's decision, the evidence is legally sufficient to sustain its finding that the electric car was being negligently operated, either upon the ground that the motorman was not vigilant in watching the track ahead, or that under the conditions present the electric car was being operated at an excessive rate of speed; and the fact, if it be such, that the car was running within the maximum speed fixed by ordinance or statute does not in itself absolve appellant from responsibility, nor did it conclude the trial court from finding as a fact that under the circumstances such speed was nevertheless excessive (*Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal. App. 129 [242 Pac. 97]).

For the reasons hereinabove stated the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1930.

All the Justices concurred.