[Civ. No. 4246. Third Appellate District.—January 17, 1931.]

ELIZABETH H. BRIGGS, Appellant, v. WALTER CAM-
ERON, Respondent.

John A. Deweese and Josiah Coombs for Appellant.

George L. Greer for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment which was rendered against the plaintiff in an action for damages for personal injuries sustained in an automobile casualty.

The defendant is a brother of the plaintiff. They lived in separate homes in Culver City. They were on friendly terms with each other. The defendant owned a Cadillac touring car. December 23, 1926, he handed his chauffeur, Jack Gironda, $40, directing him to take the plaintiff in the automobile to the home of Mrs. Dunn at Santa Monica and purchase a Christmas turkey for himself and another for Mrs. Briggs. Gironda did so. Dewey Street, in the vicinity of the home of Mrs. Dunn, had been recently paved. A broken water main had washed out a great hole beneath the paved surface of the street. This damage was apparently not visible. The chauffeur proceeded to return along Dewey Street. As the Cadillac car was driven over this excavated space the concrete gave way and precipitated the machine into the hole. The plaintiff was slightly injured. She brought suit for damages against her brother. The chauffeur was not made a party to the action. The cause was tried before the court without a jury. At the close of the evidence both parties submitted the cause on its merits. The court found that neither the defendant nor his agent, Gironda, was guilty of negligence. Judgment was thereupon rendered in favor of the defendant.

The appellant contends the judgment is not supported by the evidence. The plaintiff called both the defendant and his chauffeur as her witnesses. They were not examined under the provisions of section 2055 of the Code of Civil Procedure as adverse witnesses. Both of these witnesses indicated an entire willingness to testify to every circumstance favorable to the plaintiff. The court might have been warranted in assuming the parties to the litigation

were in collusion to establish a liability on the part of the defendant, which they expected the surety company to pay. The defendant testified to the ownership of the machine, the agency of the chauffeur, the invitation to his sister to ride in the car, the fact that she was residing with him at his home since the accident occurred and that his Cadillac car was insured against accidents. Gironda, the chauffeur, with the evident purpose of trying to show his knowledge of the danger, so as to impute negligence, testified that Mrs. Dunn told him just before he drove on to Dewey Street that "that road is very dangerous; the water is rushing terrible, . . . I wouldn't go over it if I was you." In response to the inquiry, "Q. Was the danger apparent?" he replied, "Yes, there was water rushing along the gutter and across the street into the lot. . . . Did you say to Mrs. Briggs, 'I am sorry I tried this. I knew I couldn't make it and I should not have tried it?' A. Yes sir. . . . I says, 'I was a fool to try to make this.' . . . Q. You saw something . . . that gave some indication that there was something wrong with the road, did you? A. Yes." On cross-examination for the purpose of impeachment this witness was shown a written statement which he admitted having signed the day following the accident in which he said, "The street was not covered with water on top, although there was some water in the gutter. Any ordinary prudent person would never have any reason to believe that the concrete would give way as it did, for it all looked to be in perfect condition to all of us in the car until we struck it." Mrs. Dunn contradicted Gironda's statement that she had warned him not to go by way of Dewey Street because it was dangerous. She testified, "I didn't tell him the road was dangerous." There was no other evidence that the occupants of the machine had any previous knowledge of the dangerous condition of Dewey Street. Mrs. Briggs testified: "As far as I could tell, it (the street) looked all right."

From the foregoing conflict in Gironda's evidence respecting his knowledge of the dangerous condition of the street and the consequent negligence on his part, together with the contradiction of Mrs. Dunn that she told him of the danger, the court was warranted in rejecting his evidence upon that subject as unworthy of belief. Except for his testimony, there was no evidence of his negligence in driving

along Dewey Street. ■ In determining the credibility of a witness the court has a right to consider all the facts and circumstances of the transaction and reject the evidence if it appears to be improbable. (10 Cal. Jur. 1145, sec. 363.) Even though there is no conflict in the evidence, if, from the surrounding circumstances of the case, together with such reasonable inferences as may be drawn therefrom, reasonable minds may differ as to the presence of negligence, the finding of the court in that regard will not be disturbed on appeal. (19 Cal. Jur. 725, sec. 135; 2 Cal. Jur. 934, sec. 549; *Whitmeyer* v. *Southern Pac. Co.*, 102 Cal. App. 199 [282 Pac. 1005]; *Wise* v. *Maxwell Hardware Co.*, 94 Cal. App. 765 [271 Pac. 918].) ■ Even though the evidence of the chauffeur in the present case were uncontradicted by his own testimony or that of other witnesses the court might still be justified from other circumstances of the case in rejecting it as unworthy of credit.

■ While it is a general rule that the uncontradicted testimony of a witness to a particular fact may not be discredited, but should be accepted by the court as proof of the fact, this rule has its exceptions. The most positive testimony may be contradicted by the circumstances in evidence so as to satisfy the court of its falsity. (*Hufstetler* v. *Industrial Acc. Com.*, 107 Cal. App. 744 [290 Pac. 922]; *Caldwell* v. *Winer*, 203 Cal. 543, 546 [264 Pac. 1100]; *Michener* v. *Hutton*, 203 Cal. 604, 612 [59 A. L. R. 480, 265 Pac. 238].)

The circumstances of this case will not warrant this court in disturbing the judgment of the trial court.

The judgment is therefore affirmed.