### COMPTON v. REPUBLIC BUILDING & LOAN ASS'N.

### No. 2914.

Court of Civil Appeals of Texas. El Paso.
Jan. 18, 1934.

Rehearing Denied Feb. 8, 1934.

Earl A. Forsythe and John C. Read, both of Dallas, for appellant.

Muse & Muse, of Dallas, for appellee.

PELPHREY, Chief Justice.

On August 18, 1926, J. M. Russell and wife conveyed 50x50 feet of the southwest side of lot 8 of Mrs. L. V. Young's subdivision of block 979, in Dallas, Dallas county, Tex., to Irene Sadler, in her own separate right and for her separate benefit. It is agreed that in this suit the said Irene Sadler is the common source of title.

On November 23d thereafter, Irene Sadler executed a deed of trust to C. L. Frazier, trustee, for the use and benefit of appellee to secure an indebtedness to appellee of $2,600, evidenced by her note of the same date. It appears from the recitals in the deed of trust that the note then given was in renewal of a note given by C. F. Roderick and wife to V. H. Hextor, trustee, for the sum of $2,000 on November 6, 1922, in renewal of a mechanic's lien executed by Irene Sadler, in favor of J. R. Morgan, on November 22, 1926, for $372.49, and to secure the payment of $139.76 in taxes advanced by appellee.

On March 14, 1931, Quentin D. Corley, vice president of appellee, executed the following instrument purporting to appoint A. H. Fonda as substitute trustee under said deed of trust:

"Know all men by these presents: That, whereas, on the 23rd day of November, A. D. 1926, Irene Sadler, of Dallas County, Texas, executed and delivered her certain deed of

trust to C. L. Frazier, of Dallas County, Texas, as Trustee, for better securing the payment of a certain promissory note in the principal sum of $2600.00 executed and delivered by the said Irene Sadler, payable to the Republic Building & Loan Association or order, dated November 23rd, 1926, and to become due in monthly installments on the 10th day of each succeeding month thereafter in accordance with the charter and by-laws of said association; and,

"Whereas, the said C. L. Frazier is absent from Dallas County, temporarily and unable to execute the trust with which he is empowered in said deed of trust, and default has been made in the payment of said note and the maturity accelerated; and,

"Whereas, the Republic Building & Loan Association is authorized by said deed of trust to appoint a substitute trustee upon the resignation, removal or absence of said trustee, C. L. Frazier, from the City of Dallas:

"Now, Therefore, in consideration of the premises, the Republic Building & Loan Association, acting through its duly authorized officer, does hereby appoint and substitute A. H. Fonda, trustee, in said deed of trust in lieu and in place of the said C. L. Frazier, with all the powers and authority given by the said Irene Sadler to the said C. L. Frazier."

Prior to the execution of the above instrument, however, appellant foreclosed a lien held by him against the property in question and acquired title thereto on February 3, 1931.

The substitute trustee on April 7, 1931, sold the property to appellee for $500, and executed a deed to appellee therefor.

On August 20, 1931, appellee filed suit against appellant and J. D. Reynolds in trespass to try title, for damages and rents.

Appellant and Reynolds answered by general demurrer, plea of not guilty, and a general denial. In an amended petition appellee pleaded in the alternative that, if it did not own title to the property sued for, it was the owner and holder of the $2,600 note upon which a balance of $2,048.70 was unpaid. It sought judgment for the debt and foreclosure of the lien in case it was not awarded title and possession. In answer Compton alleged that he became the owner of the property on February 3, 1931; that appellee was not entitled to recover title and possession of the property because the sale made to it by the substitute trustee was void, having been made by a substitute trustee when the appointment of such substitute trustee was not authorized.

Appellant alleged: "This defendant alleges that on the 14th day of March, A. D. 1931, the Republic Building & Loan Association attempted to substitute in lieu and instead of said C. L. Frazier, as Trustee, one A. H. Fonda, reciting in said appointment of such Substitute Trustee, the fact that C. L. Frazier was absent from the County of Dallas temporarily, and was unable to execute the trust, which statement in said appointment of substitute Trustee, this defendant now alleges to have been false, and that as a matter of fact said C. L. Frazier was residing and was actually present in the City and county of Dallas, State of Texas, at all times during the months of March and April, 1931, when said alleged substitute foreclosure took place, and this defendant says that said C. L. Frazier, Trustee, was not requested to act, did not refuse to act, and was ready, willing and able to act as Trustee, at all times, and this defendant further alleges that this defendant was at all times communicating with said C. L. Frazier, Trustee, and was relying upon statements made by said C. L. Frazier, Trustee, that he had neither resigned nor had posted the property for sale nor had he been requested to act, and that any attempted foreclosure by said A. H. Fonda, as Substitute Trustee, was void and ineffective as to the rights of this defendant, because said C. L. Frazier was not absent from the City of Dallas during the months of March and April, 1931, and that said C. L. Frazier, Trustee, did not resign as said Trustee, and was not requested to act and did not refuse to act, and that said defendant did not consent to the appointment of said A. H. Fonda as Substitute Trustee and this defendant alleges that the alleged foreclosure by A. H. Fonda, as such Substitute Trustee, on the seventh day of April, A. D. 1931, upon the property described in the plaintiff's petition and the conveyance thereof by said A. H. Fonda, as Substitute Trustee, is void and conveyed no title to the Republic Building & Loan Ass'n., on account of the above described facts, said Deed being recorded in volume 1688, page 184, Deed Records of Dallas County, Texas."

Upon special issues submitted, the jury found that C. L. Frazier was absent from the city of Dallas on March 14, 1931, and that the reasonable rental value of the property from April 7, 1931, to the time of trial was $25 per month.

Judgment was rendered in favor of appellee for the title and possession of the property and for $487.50 as rent on the premises.

Compton has perfected an appeal to this court.

## Opinion.

The appeal is predicated upon four propositions: (1) That, where the original trustee was only temporarily absent for a few days, had not been requested to act, had not refused to act, but was ready to do so and was present in the city on the date of sale and the last day of posting, the appointment of a substitute trustee and a sale by him are void; (2) that, where a trustee's deed fails to show that notice of the sale had been given as required by law and there is no other evidence as to the notice, the sale should be set aside; (3) that the testimony of the witness William M. Cramer was hearsay and inadmissible; and (4) that the evidence was insufficient to raise an issue as to whether or not Frazier was out of the city on March 14, 1931. A proper disposition of some of these questions necessarily depends upon whether or not the testimony of the witness Cramer should have been admitted. We shall therefore first consider that question.

■ The substance of the testimony objected to was that Frazier had told the witness that he was going to Mineral Wells to take the baths and would be gone a week or two; that the witness was in the habit of seeing Frazier once or twice each week and pretty near every day; that he did not see Frazier for about a week after the conversation; and that, when he did see him Frazier told him he had been in Mineral Wells. It appears from the record that appellee's attorney had called the witness in an effort to locate Frazier and to see if the witness could prevail on Frazier to conduct the sale under the deed of trust; that the witness thereupon advised appellee's attorney that Frazier was in Mineral Wells and would, according to his statement, be away about two weeks. Attorney for appellee testified to having been so advised without objection.

In 22 Corpus Juris, § 307, pp. 286, 287, there appears: "When it is material to show the purpose or reason for the departure of a person, his declarations of his purpose made at about the time of his departure are admissible. This evidence has been admitted in some instances on the principle of res gestæ as being explanatory of the act of departure, unless too remote from the time of departure, but in other cases it has been admitted in proof of purpose as a distinct and material fact."

The Court of Civil Appeals in Wallace v. Byers, 14 Tex. Civ. App. 574, 38 S. W. 228, held that a witness was properly permitted to testify that in the fall of 1837 W. A. A. (Big-Foot) Wallace left Virginia for the avowed purpose of avenging the death of William C. Wallace, his cousin, and of Samuel Wallace, his brother. The court held the testimony came within the rule of res gestæ. To the same effect are Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929, and Royal Indemnity Co. v. Hogan (Tex. Civ. App.) 4 S.W.(2d) 93. Under the provisions of the deed of trust here involved, the question was as to the absence of Frazier from Dallas. The right of appellee to appoint a substitute trustee depended upon whether or not he was absent; therefore the fact becomes a material one in this suit, and we are of the opinion that Frazier's statement of his purpose in going and the length of time he intended to stay were admissible under the rule of res gestæ. See, also, Continental Ins. Co. v. Nabors (Tex. Civ. App.) 6 S.W.(2d) 151.

■ Even if we be in error in holding the testimony admissible as res gestæ, its admission here does not constitute reversible error, appellant having permitted testimony to the same effect to be admitted without objection.

The evidence was clearly sufficient to raise an issue as to Frazier's absence on March 14, 1931.

The deed of trust contained the following provisions:

"And it is stipulated and agreed, that in case of any sale hereunder, all pre-requisites to said sale shall be presumed to have been performed; and that, in any conveyance given hereunder, all statement of fact or other recitals herein made, as to the nonpayment of the money secured, or as to the request of the Trustee to enforce this trust, or as to the proper and due appointment of any substitute Trustee, or as to the advertisement of sale or time, place and manner of sale, or as to any other preliminary matter or thing, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated and recited are true.

"And it is further agreed that in case of the death, resignation, removal or absence of said trustee from the City of Dallas, Texas, or his refusal or failure or inability to act, then such person as may be appointed by instrument in writing by the President of said Association, or the owner or holder of said indebtedness secured hereby, shall be and is hereby appointed and made successor in said trust to the said Trustee, with all the rights, duties and powers hereby conferred upon said Trustee."

It will be seen that absence of the trustee from Dallas warranted the appointment of a substitute, and there is no provision that such absence must be permanent. It follows, we think, that a temporary absence which interferes with the carrying out of the trust was sufficient to authorize the appointment of a substitute, and, as here, when the trustee is absent and the information is that his absence will continue for a period of two weeks, the appointment of and a sale by a substitute trustee are not void.

In the substitute trustee's deed there appears: "And the said C. L. Frazier having failed to perform said trust, and under the terms and conditions of said deed of trust, by an instrument in writing, duly executed by the beneficiary on March 14th, 1931, I was duly appointed substitute trustee and requested to perform said trust, and the said Irene Sadler having been duly served with notice of this sale, as required by law, I did offer for sale between the legal hours thereof, at public auction, on the first Tuesday in April, A. D. 1931."

The recital that Irene Sadler had been served with notice, as required by law, under the provisions of the deed of trust, constituted prima facie evidence of the fact recited, and therefore appellant's contention that appellee had failed to show that notice was given is without merit.

The judgment is affirmed.