## SIMPSON et al. v. WHITESBORO NAT. BANK.

### No. 1999.

Court of Civil Appeals of Texas. Waco.

Oct. 6, 1938.

Nat B. Birge, and Hamp P. Abney, both of Sherman, for appellants.

O. H. Woodrow and R. C. Slagle, Jr., both of Sherman, for appellee.

GEORGE, Justice.

This is a suit by Mrs. Hattie Simpson, joined by her husband, C. L. Simpson, appellants, against Whitesboro National Bank, appellee, to cancel a deed of trust lien on 240 acres of land and to set aside the trustee's deed in the sale of the land. Mrs. Simpson alleged that she was a married woman at all times involved; that the land was her separate property, and that she did not appear before the notary public and did not acknowledge the deed of trust. The cause was tried before the court and jury, and judgment was rendered in favor of appellee on jury's finding that Mrs. Simpson did appear before the notary and acknowledge execution of the deed of trust.

Appellants in their assignments of error Nos. 1, 2, 3 and 4 and propositions thereunder contend that the trial court erred (1) in permitting the notary, A. P. Caywood, to testify that appellant, Mrs. Hattie Simpson, during the years 1929 and 1930, had acknowledged before him four certain other deeds of trust than the one sought to be

canceled; (2) in allowing Mrs. Simpson to be cross-examined as to circumstances surrounding execution of the deed of trust; and (3) in admitting in evidence the record of the above mentioned acknowledgments made by Caywood as notary.

Mrs. Simpson testified that she did not remember signing the deed of trust dated March 8, 1930; that it bore her signature; that she did not know what it was at the time she signed it; that she was at home at the noon hour; that she and her husband had had lunch and that he handed her a paper and said, "I am in a hurry to get back to town, will you sign this for me?;" that she signed it and he went to town, and the last thing he said was, "You will never hear from that any more, well that is the last of this;" that she did not acknowledge it in any form before Caywood; that the first time she knew the bank was claiming a lien was late in 1935; that she remembered signing some papers at the noon hour some years back; that she could not tell how many years back; that she supposed those were the papers because she had not signed any papers since 1930 or 1929 except the ones signed at the noon hour; that she had never spoken to Caywood in her life, and that she did not personally know him. Caywood testified that he kept a notary record of all acknowledgments taken by him affecting land; that he made the record; that it was in his handwriting; that it was correct; that she appeared before him and acknowledged the deed of trust, as stated in the certificate; that he did not recall the incident of taking this acknowledgment; that he knew Mrs. Simpson appeared before him and acknowledged the deed of trust in question from the record that he had in his notary book and from his certificate on the deed of trust; that Mrs. Simpson appeared before him and acknowledged execution of five deeds of trust, including the one in controversy, during the years 1929 and 1930; that he had no personal recollection of the incident of taking these acknowledgments.

▮▮▮▮ These assignments are overruled. The testimony complained of is relevant to the controlling issue whether Mrs. Hattie Simpson appeared before Caywood and acknowledged execution of the deed of trust covering 240 acres of land, because same bears directly on the accuracy and trustworthiness of her memory. Evansich v. Gulf C. & S. F. R. Co., 61 Tex. 24; Gulf C. & S. F. Ry. Co. v. Matthews, 100 Tex. 63, 93 S.W. 1068; Labbe v. Corbett, Tex. Sup., 6 S.W. 812; Briggs v. Cameron, 111 Cal.App. 189, 295 P. 347; Missouri K. & T. R. Co. v. Burk, Tex.Civ.App., 146 S.W. 600; Texas & P. Ry. Co. v. Brown, 78 Tex. 397, 14 S.W. 1034; Reynolds v. Stepanek, 339 Mo. 804, 99 S.W.2d 65; Robinson v. State, 70 Tex.Cr.R. 81, 156 S.W. 212; Duncan v. City Ice Co., Mo.App., 25 S.W.2d 536; Texas & P. R. Co. v. Hancock, Tex.Civ.App., 59 S.W.2d 313; Bouldin v. State, 87 Tex.Cr.R. 419, 222 S.W. 555; International & G. N. Ry. Co. v. Dyer, 76 Tex. 156, 13 S.W. 377; Beland v. State, 86 Tex.Cr.R. 285, 217 S.W. 147; Selle v. Selle, 337 Mo. 1234, 88 S.W.2d 877; Miller v. Freeman, Tex.Civ.App., 127 S.W. 302; Waggoner v. Moore, 45 Tex.Civ.App. 308, 101 S.W. 1058; St. Louis & S. F. Ry. Co. v. Bussong, 40 Tex.Civ.App. 476, 90 S.W. 73; Jefferson v. State, Tex.Cr.App., 49 S.W. 88. The testimony of Mrs. Simpson was elicited without objection to either questions or answers and no exception was reserved to its admission. Objections were made by appellants to the questions propounded to Caywood and same were overruled by the court, but the record is not clear as to whether exceptions were made to the court's ruling admitting the particular testimony complained of and upon the grounds set forth. The rule appears to be that "regardless of the correctness of the objection, an exception to the ruling of the trial court is necessary to obtain a review on appeal. The functions of objections and exceptions are entirely distinct." Texas Law of Evidence, p. 24, sec. 20; Collins v. Panhandle Nat. Bank, 75 Tex. 254, 255, 11 S.W. 1053; Texas Utilities Co. v. Clark, Tex.Civ.App., 269 S.W. 903, par. 9; Olcott v. Squires, Tex.Civ.App., 144 S.W. 314, par. 6; Hausmann v. Trinity & B. V. R. Co., Tex.Civ.App., 82 S.W. 1052; McFadden v. Prater, Tex.Sup., 3 S.W. 306, par. 2; St. Louis S. W. Ry. Co. v. Moore, Tex.Civ.App., 173 S.W. 904, par. 3; Brown v. Gray & Wilmerding, Tex.Civ.App., 256 S.W. 977, par. 4; Foley v. Houston Belt & Terminal Co., 50 Tex.Civ.App., 218, 108 S.W. 169, 110 S.W. 96; Morgan v. Barber, Tex.Civ.App., 99 S.W. 730; Bendy v. W. T. Carter & Co., Tex.Civ.App., 5 S.W.2d 579; Feagan v. Barton-Parker Mfg. Co., 42 Tex.Civ.App. 373, 93 S.W. 1076. Testimony by Caywood of like character and to the same effect as that complained of was admitted without objection and as a consequence the error, if any, was thereby waived. Carothers v. Cameron, Tex.Civ.

App., 93 S.W.2d 455, par. 7; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, par. 2; Travelers' Ins. Co. v. Lancaster, Tex. Civ.App., 71 S.W.2d 318, par. 3; Compton v. Republic Bldg. & Loan Ass'n, Tex.Civ. App., 67 S.W.2d 1095, par. 2; Chicago R. I. & G. R. Co. v. Harris, Tex.Civ.App., 28 S.W.2d ·611, par. 8; Wengenroth v. Agold, Tex.Civ.App., 27 S.W.2d 294, par. 6; 3 Tex.Jur. 1256; Mayfield v. Robinson, 22 Tex.Civ.App. 385, 55 S.W. 399.

All of the other grounds of error have had careful attention and in none of them has there been found any reason for reversing the judgment.

The judgment of the trial court is therefore affirmed.